## Rosa Crouse v. Charles W. Rhodes et al.

1. CONTRACTS—*Repudiation, etc.*—The fact that a party to a contract changes his mind and declines to execute it does not discharge him from its obligations.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County, the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1892, and affirmed. Opinion filed February 14, 1893.

The statement of facts is contained in the opinion of the court.

RUBENS & MOTT, attorneys for appellant.

APPELLEES' BRIEF, WEIGLEY, BULKLEY & GRAY, ATTORNEYS.

Our contention is, that having found a purchaser within a month or so of the time that the property was placed in the

hands of the appellees for sale, it being admitted that such purchaser was ready, able and willing to buy, and appellant having refused to make the sale, entitled appellees, without anything more, to their commissions. Monroe v. Snow, 131 Ill. 126; Swigart v. Hawley (Ill.), 29 N. E. Rep. 883; Goss v. Broom, 31 Minn. 484.

OPINION OF THE COURT, GARY, P. J.

It is conceded that the appellant retained the appellees as real estate brokers and gave them this authority:

"CHICAGO, February 6, 1892.

Mr. RHODES,

*Dear Sir:* I have decided to sell my corner on Belmont avenue within a month or so, at the rate of $160 a foot, half cash, and the other half within two years time, at 6 per cent interest. After that time I will not take less than $200 per foot. As soon as you can come to an arrangement, please let me know, and oblige,

Yours very respectfully,

ROSA CROUSE.

The appellees found a purchaser, ready, able and willing to buy, and he signed this contract:

" This memorandum witnesseth, that Rosa Crouse, of Chicago, hereby agrees to sell, and William H. Chadwick agrees to purchase at the price of one hundred and sixty ($160) dollars per front foot on Belmont avenue, the following described real estate situated in Cook county, Illinois : Lots ten (10) and eleven (11) in block three (3), in Kimball-Young's subdivision in the N. W. quarter (N. W. ¼) of section 28, in township 40 north, range 14, east of the 3rd P. M. Subject to all taxes and assessments levied after the year 1891; (3) any unpaid special taxes or assessments levied for improvements not yet made; also subject to

" Said purchaser has paid one thousand ($1,000) dollars earnest money to be applied on said purchase when consummated, and agrees to pay within five days after the title has been examined and found good, the further sum of twenty-eight hundred and forty dollars at the office of Rhodes Bros. & Co., Chicago, provided a good and sufficient

warranty deed, conveying to said purchaser a good title to said premises, subject as aforesaid, shall then be ready for delivery. The balance to be paid as follows : Thirty-eight hundred and forty ($3,840) dollars on or before one (1) year, interest from date at the rate of 6 per cent per annum, payable semi-annually, to be secured by notes and mortgages or trust deed of even date therewith, on said premises, in the form ordinarily used by Title Guaranty Company. A complete abstract of title or merchantable copy, to be furnished within reasonable time, with a continuation thereof brought down to this date. In case the title upon examination, is found materially defective within ten· days after the said abstract is furnished, then unless the material defects be cured within thirty days after written notice thereof, the said earnest money shall be refunded, and this contract to become inoperative.

" Should any person fail to perform this contract promptly on his part, at the time and in the manner herein specified, the earnest money, paid as above, shall, at the option of the vendor, be forfeited as liquidated damages, including commissions payable by vendor, and this contract shall become null and void. Time is of the essence of this contract and of all the conditions thereof.

" This contract and earnest money shall be held by Rhodes Brothers & Co., for the mutual benefit of the parties thereto.

" In testimony whereof, said parties hereto set their hands this 5th day of March, A. D. 1892.

" WILLIAM H. CHADWICK."

The appellees presented the contract to her on the 5th day of March, 1892, and she refused to execute the contract or make the sale as proposed, and afterward indorsed across the contract this :

" I hereby decline to execute this contract, and hereby release Wm. H. Chadwick from any supposed liability thereon, and this paper is hereby canceled.

" Dated March 15, 1892.

" ROSA CROUSE.

" Attest :   ROBINS S. MOTT."

The record shows no reason why she refused, but her counsel seek now to justify her refusal upon the grounds that the contract gave time to the purchaser and imposed burdens upon her, and cite Munson v. Jacques, No. 4360 this court. There is no resemblance between the cases. Here no burdens are imposed, nor time given, to which, so far as the record shows, she objected to, nor such as are not usual in this community. Had she pointed out any valid objections, and the appellees had not removed them, they would have had no claim upon her.

The fair inference is that she had changed her mind, but that does not discharge her. The judgment is affirmed.