## Catherine Smith, Executrix, etc. v. Keeler.

1. REAL ESTATE BROKER—*When Entitled to Commissions.*—A real estate broker found a purchaser who "was ready and willing to carry out the contract." *It was held*, that the word "ready" implied that he was able and willing and that the broker was entitled to his commission.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed January 11, 1894.

The statement of facts is contained in the opinion of the court.

OSBORNE BROTHERS & BURGETT, attorneys for appellant.

ELBERT H. GARY, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case, tried by the court without a jury, involves only questions of fact, unless an objection to the alleged want of evidence raises a question of law.

The testimony is that Harlow P. Smith, the testator of the appellant, retained the appellee, a real estate broker, to sell some property for $100 per foot; the appellee to have as his commissions, all that he could get over that price. The authority was by parol, yet the appellee made a sale and a contract in writing, for a price that gave him a liberal commission.

The clerk of the appellee told the deceased that the sale had been made and he said he would come down the next day.

He came and the appellee then told the deceased the sale had been made, and he refused to carry out the sale, and this action is for the commissions.

Whether the terms of the contract as to time and other details are such as the deceased could or would have objected to, is a question not in the case, as he put his refusal wholly upon the price. If he had objected to the terms, it is not improbable that the purchaser would have acceded to such modifications as the deceased might have desired. The purchaser testified, "I was ready to carry out the contract." "Ready" implies that he was able and willing, especially as no question was made about it on the trial. Crouse v. Rhodes, 50 Ill. App. 121; 1 Chit. Pl. 330; Morton v. Lamb, 7 D. & E. 125; Rawson v. Johnson, 1 East, 203.

When the appellee rested, the counsel of the appellant said "I have no witnesses," and the court proceeded to express an opinion on the case, and having done so to the extent of five sentences, the appellant then offered to put in evidence a bill filed by her, to remove the contract, which had been recorded, as a cloud upon her title, to which the court said, "It is too late," and the appellant excepted.

Whether it was too late is unimportant. Holding, as we do, that making the sale and the contract—though unauthorized not objected to—entitled the appellee to commissions, whatever the appellant did was indifferent to the appellee, and besides, the offer of the chancery proceedings was unaccompanied by any offer to show expense or trouble in connection therewith. Affirmed.

MR. JUSTICE WATERMAN.

Appellee did not become entitled to commissions by making a contract of sale, the terms of which were not such as his principal had authorized; nor did the failure of his principal to specifically object to the unauthorized terms entitle appellee to commissions; only by an assent to the sale as

made, or by availing himself of what appellee had done, could appellee's principal have become liable to pay commissions; his principal neither assented to nor obtained any benefit from what appellee did.