Forler v. Butts, 203 Ill. App. 257.

COMERFORD & COHEN, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 41*—*when husband is competent witness for wife.* In an action concerning the separate estate of a wife, her husband is a competent witness for her.

2. MASTER AND SERVANT, § 82*—*when evidence as to amount of work done by servant is admissible.* In an action by a janitor of an apartment building, consisting of fifteen flats, to recover, among other things, for his services for twenty months at $35 per month, where the defense was that defendant had not agreed to pay plaintiff anything and that he simply worked for his board and lodging, and it appeared that defendant's husband also worked in the building, *held* that evidence as to the amount of work which plaintiff did during the term he was with defendant was admissible for consideration in determining whether a contract had been entered into for the payment of the sum claimed per month.

---

## John Forler, Plaintiff in Error, v. E. R. Butts, Defendant in Error.

### Gen. No. 21,622.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed January 17, 1917.

## Statement of the Case.

Action by John Forler, plaintiff, against E. R. Butts, defendant, on two promissory notes aggregating $590. From a judgment in favor of defendant, plaintiff brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCIII 17

These checks were given on a Monday, and plaintiff failed to deposit them in the bank in Chicago until Wednesday or Thursday, and this resulted in a failure to present them to the bank in Niles, Michigan, on which they were drawn, until Saturday, the day the bank closed its doors. The defendant had on deposit with the bank at the time of its failure an amount in excess of the amount of the checks. The evidence further disclosed that it takes about two and a half hours to travel by rail from Chicago, where the transaction took place, to Niles, Michigan.

Plaintiff, however, contended that as the defendant wrote him on the day of the bank's failure, saying that he hoped the checks had been paid, and, if not, he (defendant) was out that amount, and also in a conversation with plaintiff agreed to give a note for the amount of the checks, that these promises revived defendant's obligation without any further consideration, and that it was immaterial whether defendant knew that by the rules of law the negligence of plaintiff to deposit the checks promptly would discharge him.

EDWARD A. MECHLING, for plaintiff in error.

JAMES NICHOLAS LORENZ, for defendant in error; JOHN W. LYDDICK, of counsel.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 283*—*when debt is extinguished by unreasonable delay in presentation of checks.* A delay of five days in presentation of checks for payment, *held* to be unreasonable and to constitute a payment or extinguishment of debt for which the checks were drawn, where the bank on which they were drawn failed before the checks were presented for payment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. BILLS AND NOTES, § 291*—*when new promise by drawer does not constitute waiver of discharge by failure to present checks for payment within reasonable time.* A new promise by a maker of checks who is discharged from liability because of the unreasonable delay of the payee thereof in presenting the checks to the bank on which they were .drawn for payment, which is made without a full knowledge of the facts out of which the discharge arose, does not constitute a waiver of the defense of delay in presentation of the checks for payment.