CHICAGO—FIRST DISTRICT—DECEMBER, 1918.   49

Nat'l Plumbing & Heating Supply Co. v. Stevenson, 213 Ill. App. 49.

## National Plumbing & Heating Supply Company, Appellant, v. B. Stevenson, Appellee.

## Gen. No. 24,089.

1. BILLS AND NOTES, § 279*—*when check should be presented for payment.* Where the bank on which a check is drawn and all of the parties interested reside in the same city, it is the holder's duty to present it for payment on the day it is received, or, at the furthest, on the next day.

2. BILLS AND NOTES, § 279*—*when check not presented for payment in reasonable time.* The holder of a note does not present it for payment in a reasonable time, where, 2 days after it comes into his possession, he deposits it by mail in a bank in a distant part of the city and not in a bank in the same general neighborhood as the drawee, in both of which he regularly keeps accounts.

3. BILLS AND NOTES, § 283*—*when drawer not discharged for want of due presentment.* The want of due presentment of a check does not discharge the drawer unless he suffered some loss or injury thereby, and then only *pro tanto.*

4. BILLS AND NOTES, § 406*—*who has burden to show no injury from delay in presentment of check.* The burden is on the holder of a check who has not duly presented it to show that his delay did not result in loss or injury to the drawer.

TAYLOR, J., dissenting.

Appeal from the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Affirmed. Opinion filed December 31, 1918. Rehearing denied January 15, 1919.

MORRIS FRISCH, for appellant.

No appearance for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

This was an action brought by the appellant, hereinafter referred to as the plaintiff, against appellee, hereinafter referred to as the defendant, to recover

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the amount of an unpaid check which it had received from the defendant in part payment of an account. There was a hearing before the court without a jury, resulting in a finding of the issues for the defendant. Judgment was entered against the plaintiff for costs, from which it has appealed. The check in question was for the sum of $761.57.

The defendant's place of business is at 79th and Morgan streets, in the City of Chicago, while that of the plaintiff is at 61st and State streets. A collector or salesman, employed by the plaintiff, called on the defendant at his place of business between the hours of 8 and 9 o'clock in the morning on May 21, 1917, and received the check in question. He then went on about his business, apparently visiting other places throughout the day and on the following morning, May 22nd, he delivered the check to the plaintiff's cashier. The plaintiff maintained accounts in two banks, one being the Citizens' Trust & Savings Bank, located at 55th and State streets, a few blocks away from the plaintiff's place of business, and the other the Lake View State Bank, located on the opposite side of the city, 10 or 15 miles away from the plaintiff's place of business. It was the habit of the plaintiff to make deposits in one or the other of these banks depending upon their anticipated needs. On the evening of May 22nd, the plaintiff's cashier made up a deposit of a number of checks, including the one in question, and sent it by mail to the Lake View State Bank. The latter bank upon receipt of this check (the record does not show just when) sent it to the First National Bank of Englewood, through which it cleared. However, the check was never put through the clearing house, but the First National Bank of Englewood sent the check by its messenger to the bank on which it was drawn, the Auburn State Bank. The check was not paid, as the Auburn State Bank had closed its doors and ceased doing business before the check was presented. The

check was returned to the plaintiff on May 25th. The Auburn State Bank was located at 79th and Halsted streets.

It is further shown by the evidence and by the agreed statement of facts, submitted to the trial court, that on May 21st and 22nd the defendant had more than $1,200 on deposit in the Auburn State Bank, and further that this bank honored all checks presented to it on May 21st and also on May 22nd up to 5 o'clock on the afternoon of that day, when its doors were closed and its business ceased.

The trial court ruled that under the evidence the plaintiff was shown to have failed to present the check within a reasonable time and that had it done so the check would have been paid and that therefore the loss was the plaintiff's and it could not recover.

In contending that the court was in error and that the judgment should be reversed, the plaintiff urges that, upon receipt of the check, it proceeded to collect it in the customary manner by depositing it in its bank, and second, that even if its presentment of the check be held insufficient under the law, the defendant should not be relieved of liability as the drawer of the check, unless he is shown to have suffered some loss or injury thereby, and that no such loss or injury is shown by the evidence. The defendant has not filed an appearance nor presented a brief in this court.

The Negotiable Instruments Act (Rev. St. Ill. ch. 98, sec. 185, J. & A. ¶ 7825) provides that: "A check must be presented for payment within a reasonable time after its issue, and notice of dishonor given to the drawer as provided for in the case of bills of exchange, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." As to what is a reasonable time for the presentment of a check, it has been held that where the bank on which the check is drawn, and all the parties interested reside in the same city, it is the duty of

the holder of the check to present it to the bank for payment on the day the check is received or, at furthest, the next day. *Brown v. Schintz,* 202 Ill. 509-514.

The plaintiff urges that this rule should not be held to apply in the case of a large city like Chicago, which is composed of widely separated portions which were separate towns before they came to be part of the City of Chicago by annexation. This argument, applied to the facts here involved, works against the plaintiff rather than in its favor. All parties in interest, including one of plaintiff's banks of deposit and the bank on which the check was drawn, were located in the same general part of or "town" in the City of Chicago, but instead of depositing this check in its bank located there, plaintiff sees fit to deposit it by mail in a bank located 10 or 15 miles away in a distant part of or "town" in the City of Chicago. We do not wish to be understood as saying that one engaged in business in a large city like Chicago is obliged, in complying with the requirements of the statute as to the presentment of a check for payment, to note the locality of the drawer of the check or the drawee bank and be governed by that fact in selecting his bank of deposit, but we do hold that the requirements of the statute have not been complied with under all the facts presented in this case. The holder of a check cannot be considered to have presented it for payment to the drawee within a reasonable time, where, 2 days after coming into his possession, he deposits it by mail in a bank in a distant part of the city and not in a bank in the same general neighborhood as the drawee, in both of which he regularly keeps accounts.

Our Negotiable Instruments Statute also provides (Rev. St. Ill. ch. 98, sec. 192, J. & A. ¶ 7832) that "in determining what is a 'reasonable time' or an 'unreasonable time,' regard is to be had to the nature

of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case." If the plaintiff had deposited the check in question in a local or central bank, in time for it to have passed through the clearing house on the 22nd, or been presented at the drawee bank for payment at any time within banking hours on that day, it might be considered that the requirements of the statute had been complied with. *Northwestern Iron & Metal Co. v. National Bank of Illinois,* 70 Ill. App. 245, 248. But in holding the check as long as it did and then putting it in course of presentment, in the circuitous route it did, notwithstanding it had an account in the same general part of the city as that in which the drawee bank was located, the plaintiff cannot be said to have presented the check for payment "within a reasonable time after its issue," as required by section 185 as further defined by section 192 of our Negotiable Instruments Statute. *First Nat. Bank of Chadwick v. Mackey,* 157 Ill. App. 408.

The rule laid down in *Brown v. Schintz, supra,* has been applied where the drawer or holder of the check resided in the country, some 2 miles from the town where the bank was located. *McDonald v. Mosher,* 23 Ill. App. 206.

Plaintiff has called our attention to the case of *Sublette Exchange Bank v. Fitzgerald,* 168 Ill. App. 240, where the court interpreted the requirement, that a check be forwarded directly to the bank upon which it is drawn, as not meaning that "a check shall be sent in a direct line as a bird may fly, but by the usual commercial route." Under the facts in that case the check there in controversy was held to have been presented to the bank on which it was drawn, by the bank which cashed it, properly, and through the usual commercial channels. The bank which cashed the check was located in Lee county, Illinois, nearly due west of Chicago, and the day the bank cashed the check it

was forwarded to its correspondent, the Corn Exchange Bank of Chicago, and that bank immediately forwarded it to the Fort Worth National Bank of Fort Worth, Texas, and the latter immediately sent it to the First National Bank of Plainview, Texas, the bank on which it was drawn, where it was protested.

As to the other point urged by the plaintiff, it may be said that the want of due presentment of a check does not discharge the drawer unless he has suffered some loss or injury thereby, and then only *pro tanto*. *Heartt v. Rhodes*, 66 Ill. 351; *Industrial Bank of Chicago v. Bowes*, 165 Ill. 70, 76. In contending that the defendant in the case at bar suffered no loss as a result of the delay in presenting the check in question, the plaintiff argues that the Auburn State Bank could not operate unless it had a capital stock of $200,000, and that the stockholders were liable in a further sum of $200,000 over and above the capital stock, and that the State auditor called for a report of the bank's resources and liabilities every 3 months, citing the statutory provisions on those matters, and it was further urged that with a strict supervision of the State auditor it could be safely assumed that at the very lowest the bank's creditors would get 25 per cent of their claims. All these matters are presumptions in which the court cannot indulge. There is no evidence whatever in the record concerning them. While it is true that in case of an unwarranted delay in the presentment of a check, resulting in its nonpayment, the drawer of the check will not be relieved unless he has suffered some loss or injury by reason of the delay in the presentment of the check, and then only to the extent of such loss or injury, it is also true that the holder of the check has the burden of proving that his delay in presenting it has not resulted in loss or injury on the part of the drawer. 2 Greenleaf on Evidence, sec. 195a; Story on Promissory Notes (7th Ed.), sec. 498; *Stevens v. Park*, 73 Ill. 387; *Arnold v.*

*Mangan,* 89 Ill. App. 327; *Little v. Phenix Bank,* 2 Hill (N. Y.) 425, 428; *Daniels v. Kyle,* 1 Ga. 304, 306.

In the case at bar the plaintiff, holder of the check, presented no evidence whatever on this subject.

For the reasons stated, the judgment of the Municipal Court is affirmed.

*Affirmed.*

MR. JUSTICE TAYLOR dissents.