First National Bank of Kewanee, Illinois, Appellee, v. Dave Wine, Appellant.

Gen. No. 8,101.

Opinion filed February 3, 1930.

THOMAS J. WELCH and VERA M. BINKS, for appellant.

GREGG A. YOUNG and JAMES H. ANDREWS, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

An action on the case was instituted by appellee against appellant in the circuit court of Henry county on a check for $950, drawn by appellant on the Kewanee State Savings Bank and Trust Company, payment of which had been stopped.

The declaration set forth that the check for $950 was given by appellant in payment for two drafts in favor of Grossman Brothers and Company, one for $550 and the other for $400. To said declaration, appellant filed a plea of the general issue, with notice of special grounds of defense.

There is no controversy with reference to the draft of $550, the amount of which, with the interest thereon and the accrued costs, amounting in all to $585, was tendered in open court, and not being accepted, was deposited with the clerk.

The contention of appellant, as set forth in his notice and amended affidavit of merits is, that on the 15th day of September, 1927, at 9:30 o'clock a. m., he delivered to appellee a check for the sum of $400, drawn on the Savings Bank of Kewanee, in payment for a draft for said amount; that the officers of appellant bank were negligent in failing to present said check for payment on the day on which it was received; that if said check had been presented on the day it was received, it would have been paid; that said Savings Bank was located on the same street, about 175 feet from appellee bank; that it was customary for all banks in Kewanee to make clearance on each day at 11 o'clock a. m.; that said Savings Bank failed on September 16, 1927, and was taken charge of by the State Auditor; that on September 15th appellant had on deposit in said Savings Bank the sum of $1,465.08, and that said deposit remained in said bank at the time it closed; that all checks presented to said Savings Bank on September 15 were paid; that appellee bank had knowledge of the insolvency and precarious condition of said Savings Bank; "that Harry C. Dana,

cashier and managing officer of the First National Bank of Kewanee, had attended, on September 13th and 14th, two meetings with officers of the two other banks in said city, at which meetings ways and means were discussed, looking toward saving said Savings Bank from receivership,'' etc.

A motion was made by appellee to strike said affidavit of merits from the files and for judgment. Said motion was allowed, and judgment was rendered against appellant for $1,021.25. To reverse said judgment, this appeal is prosecuted.

Two principal questions are raised by the assignment of errors: First, whether, conceding that notice to its cashier was notice to appellee of the insolvent condition of said Savings Bank on September 15, 1927, appellee bank was negligent in failing to present for payment said check, given to it on September 15. Second, whether notice to appellee's cashier, as set forth in said affidavit and notice, was notice to appellee bank. We will take up for consideration the second proposition first.

The cashier of a bank is the executive officer of the bank, and his acts done in the ordinary course of business bind the bank, and notice to such officer of matters in connection with its banking business is notice to the bank. Magee on Banks and Banking, 3d Ed., chapter 10, sec. 143, p. 196. In *Simmons v. Roseland Security Vault Co.,* 331 Ill. 563, the court at page 573 says:

''Frank A. Novak . . . owned ten shares of the stock of the Kimbark State Bank when it was organized and acted as secretary at the first meeting of its stockholders. He was a director and the cashier of the bank until October 1, 1918, and voted for the resolution to buy the real estate from Willis. Notice to a director of a corporation is notice to the corporation. (*Butterick Publishing Co. v. Whitcomb,* 225 Ill. 605; *Koch v. Roth,* 150 Ill. 212; *Easter v. Farmers' Nat.*

*Bank,* 57 Ill. 215.) Frank H. Novak as director of each of these three corporations and as the holder of other offices in each of them, and Frank A. Novak as director in two of them and the holder of other offices in each of them, knew every detail of the transaction relative to the transfer of this property. Whatever notice they had was notice to each of the corporations of which they were officers and directors, including the Kimbark State Bank.''

The receiving of checks on other banks for deposit, collection, payment of drafts, etc., is a part of the regular business of a bank. Whatever knowledge a cashier, as the executive officer, may have with reference to matters legitimately connected therewith, is notice to the bank. It would, therefore, follow as a logical conclusion that appellee bank had notice of the insolvent condition of said savings bank on the day it received said check. Having notice of the insolvent condition of said savings bank, was appellee bank negligent in failing to present said check for payment on the day on which it was received?

The authorities are practically all to the effect that, where a check is received, drawn on a bank in the same city, it is the duty of the payee of said check to present it for payment on the day on which it is received, or, at the latest, on the following day. *Bickford v. First Nat. Bank of Chicago,* 42 Ill. 238–244; *Industrial Bank of Chicago v. Bowes,* 165 Ill. 70–75; *Brown v. Schintz,* 202 Ill. 509–514; *National Plumbing & Heating Supply Co. v. Stevenson,* 213 Ill. App. 49–51; *Travers v. Sinclair & Co.* 122 Ill. App. 203–207; *First Nat. Bank of Chadwick v. Mackey,* 157 Ill. App. 408–412.

An examination of the briefs of appellee and appellant will disclose that there is no serious disagreement as to this general proposition. Appellant, however, contends that there is an exception to said rule where the payee of a check has knowledge that the drawee is in an insolvent condition; that in such case it is the

duty of the payee to present the same for payment at the earliest practicable moment after receiving the same. On the other hand, counsel for appellee insist that, notwithstanding the payee of a check may have notice of the insolvent condition of the drawee, he still has the next day after the receipt of the check in which to present it for payment. This contention is supported by *Northwestern Iron & Metal Co. v. National Bank of Illinois,* 70 Ill. App. 245. Counsel for appellant concedes that that decision is against his position, but insists that it is the only case in this State so holding; that the authorities cited in that case do not support it, and that the weight of authority is to the effect that there is a well-established exception to the above stated general rule.

In 5 R. C. L., p. 506, sec. 30, the author says:

"It is provided in the Negotiable Instruments Law that a check must be presented for payment within a reasonable time after it is issued. If, however, the holder has knowledge of the insolvent or precarious condition of the bank, he must present the check for payment at once, at the first opportunity, or the drawer will be relieved from liability."

In 8 Corpus Juris, sec. 753, p. 540, it is said:

"It is well settled that, in the absence of special circumstances, when the person receiving the check and the banker on whom it is drawn are in the same place, it must be presented for payment the same day, or at least the next business day after it is received; . . . it is not necessary to present it on the day it is received, except, perhaps, where the holder knows that the bank is in a precarious condition."

In *Herider & Herider v. Phoenix Loan Ass'n,* 82 Mo. App. 427, the court in discussing a question of this character says:

"In this connection, it may be of service at another trial to state that, while generally an agent receiving a check on a local bank for collection may delay pre-

senting it until the next day, yet if he knew the bank upon which it was drawn was in failing condition and likely to close business at any time, it would be his duty to proceed at once to present the check for payment, and not wait the time the law would ordinarily allow for presentation."

In Morse on Banks & Banking, 6th ed. p. 941, the author says:

"Neglect of the holder to present a check on the very day of its drawing is no defense to the maker, unless the holder knew the bank was in a precarious condition."

Weitzel, in his work on the Law of Deposits, says: "If the one who takes the check knows that the bank on which it is drawn is in a failing condition, he should immediately make presentment to save any loss to the drawer, the endorser, and possibly to himself."

In *Blackwelder v. Fergus Motor Co.,* 80 Mont. 374, 260 Pac. 734, decided by the Montana Supreme Court in November, 1927, the court at page 740 says:

"The rule that the payee of a check is protected by the presentation thereof within a reasonable time through a bank as his agent and directly to the bank upon which it is drawn, is subject to the proviso that he acted in good faith, and, in the absence of circumstances known to him which would reasonably render such presentment imprudent, as stated in *Lewis, Hubbard & Co. v. Montgomery Supply Co.,* above (*First Nat. Bank v. Alexander,* 84 N. C. 30, 39 Am. Rep. 702), and if the payee has knowledge of the insolvency or precarious condition of the bank, the general rule that, on receipt of a check drawn on a bank in a place other than that of the payee's residence, he may, without the imputation of negligence, deposit it in his bank on the following day, and the bank as his agent may forward it for collection the day following its deposit, does not apply. The check must be presented for payment 'at once at the first opportunity.' 5 R. C. L. 506."

While we hesitate to disregard the holding of the Appellate Court in *Northwestern Iron & Metal Co. v. National Bank of Illinois, supra,* we feel constrained to do so. The clear weight of authority is to the effect that the exception to the general rule above stated is well established. It might be further observed that, since the decision of that case, the Negotiable Instruments Act of 1907 was passed. That act (Cahill's St. ch. 98, ¶ 207) provides:

"A check must be presented for payment within a reasonable time after its issue, and notice of dishonor given to the drawer as provided for in the case of bills of exchange, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

Said affidavit discloses that appellant had ample funds on deposit on the day the check was drawn, to pay the same; that those funds remained in the Savings Bank of Kewanee on September 16, when said bank passed to the control of the State Auditor. Appellant therefore would suffer a loss, if required to pay said amount of $400.

It is insisted by appellee that, by giving his check for $950 on September 16, 1927, to cover said check of $400 and for the draft of $550 which he purchased on said last mentioned date, appellant waived his right to insist that appellee had negligently failed to cash said check for $400.

It is only necessary to say that that question was not raised by the pleadings. In order to rely on a waiver, it must be specially pleaded. It might be further observed that, where a waiver is relied on in a case of this character, the burden is on the party relying on such waiver to prove that it was made with full knowledge of all the facts and circumstances in connection with the transaction. *Strong v. King,* 35 Ill. 9–21; *Walker v. Rogers,* 40 Ill. 278–280; *Givens v. Merchants' Nat. Bank of St. Louis,* 85 Ill. 442–443; *Forler v. Butts,*

203 Ill. App. 257–259. The evidence in this case do not disclose that appellant had knowledge of the fac in connection with the presentation of said $400 chec. at the time the check for $950 was given. Under the above authorities, it is insufficient to prove a waiver.

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*