ORVILLE SHARKEY, Plaintiff-Appellant, *v.* DAVID L. SNOW *et al.,*
Defendants-Appellees.

(No. 72-286;

Third District—July 27, 1973.

Donald Zeglis, of Mommence, for appellant.

Armen R. Blanke, of Kankakee, for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court: This is an appeal from a judgment of the Circuit Court of Kankakee County dismissing the complaint of plaintiff for a real estate brokerage fee. The order stated that the complaint failed to allege the production by plaintiff of a buyer for the real estate in question under terms fixed in the listing contract. The premises were not in fact sold.

The complaint under consideration stated in its relevant parts as follows:

"1. That at all times hereinafter mentioned Orville Sharkey was a duly licensed real estate broker in the State of Illinois, maintaining office under the name of Sharkey Real Estate, 5 Edgeview Road, Momence, Illinois.

2. That the defendants, David L. Snow and Sharon L. Snow, were at all times mentioned the owners of twenty-two acres of land in Yellowhead Township, Kankakee County, Illinois, improved with two dwellings.

3. That on February 20th, 1971, the defendants did list their property known as the David Snow Property with the said plaintiff for sale under an exclusive listing contract, a copy of which is attached hereto marked Exhibit "A" and made a part hereof, for the sum of $59,500.00 cash, said exclusive sales contract to run through June 20, 1971, and did subsequently orally agree that an old farm tractor, of little value, would be sold as part of the premises.

4. That thereupon the plaintiff, Orville Sharkey, doing business as Sharkey Real Estate did advertise said property for sale in various newspapers both in Kankakee County and Cook County and did arrange for Continental Real Estate Inc. of Cook County to assist him in the sale of said premises under his direction and control and did show said premises to many prospective customers.

5. That thereupon on June 6, 1971, the said plaintiff through the assistance of Continental Real Estate Inc., did secure an offer to purchase said premises from David W. Deruntz and Mildred K. Deruntz, for the sum of $59,500.00 and did attempt to tender from June 6, 1971 said contract to the said defendants but that said defendants had left the State of Illinois and did not return until June 19, 1971, whereupon the said plaintiff informed the defendants that he had the premises sold at the listed price to the aforesaid persons, a copy being attached as Exhibit 'B'.

450

6. That the prospective purchasers secured a Commitment for a mortgage loan pursuant to said contract, a copy of which is attached and marked Exhibit 'C' and made a part heretof, on June 11th, 1971, prior to the expiration of the exclusive listing contract and that accordingly the said defendants could then and there have sold the premises for $59,500.00 cash as per the listing contract with the plaintiff.

7. That never-the-less [sic] the defendants refused to consummate said contract and advised plaintiff that they were removing the premises from the market and that accordingly the plaintiff is entitled to a six per cent selling commission to-wit: Three Thousand Five Hundred and Seventy Dollars ($3570.00)."

Exhibit "A" to the complaint, a copy of the listing agreement, bears the signatures of defendants as owners and plaintiff as realtor. It grants plaintiff the exclusive right to sell property described as the "David Snow Property" for the cash sum of $59,500 within 4 months of the February 20, 1971 instrument or until June 20, 1971. Upon such sale, defendants are required to furnish "* * * complete abstract showing good and merchantable title to the premises" or, in the alternative, "to furnish a Title Guaranty Policy". A commission of 6% of the sales price is set forth as plaintiff's compensation for bringing about the contemplated sale.

Exhibit "B" to the complaint, which is a copy of the proposed "contract for sale of real estate" obtained by plaintiff purportedly pursuant to the listing agreement, identifies the prospective purchasers as David W. Deruntz and his wife Mildred K. Deruntz, is executed and bears the date of June 6, 1971. The purchasers agree to purchase for $59,500 on the terms as set forth in the contract, property commonly known as "Yellowhead Township, Grant Park, Illinois". The contract further provides that the sale is to include numerous specified items of "* * * fixtures and personal property, if any, now on the premises, for which a bill of sale is to be given * * *". The contract recites that "* * * Purchaser has paid $5,000 Note (The note shall be redeemable after the sellers sign and after 6/22/71) to be applied on the purchase price * * *", and further states that the purchaser will pay the balance of the purchaser price, plus or minus prorations, at the time of the closing of the transaction. The contract is made expressly contingent upon the purchasers' ability to procure certain mortgage financing, and the time for closing is fixed as July 15, 1971, or 20 days following notice to the owners that the contemplated financing has been obtained. Defendants are required to give possession of the premises to the purchasers within

11 days after the closing and before July 26, 1971, and if such possession requirements are not met, the sum of $10 per day shall be paid by defendants until delivery is made.

Certain conditions appear on the back side of the contract document, some of which are as follows: Condition "a." recites that the seller is to deliver to purchaser or purchaser's agent, not less than 5 days prior to closing, a title commitment for an owner's title policy issued by Pioneer National Title Insurance Company or any other title insurance company licensed to do business in the State of Illinois in the amount of the purchase price. Condition "d." provides that if prior to closing the improvements are destroyed or materially damaged by fire or other casualty, the contract at the option of the purchaser becomes null and void and the earnest money is to be returned. Condition "e." provides that if the contract is terminated by the purchaser's fault, then at the option of the seller and upon notice to the purchaser, the earnest money is to be forfeited, but to be applied first to seller's expenses, and then to the payment of broker's commission, with the balance, if any, to be retained by the seller. Condition "j." provides that the seller must furnish at the closing a current paid for plat or survey "* * * with the improved buildings spotted therein".

Exhibit "C" to the complaint is a copy of a mortgage loan commitment dated June 11, 1971, manifesting an agreement by the "First National Bank in Harvey" to provide a mortgage loan largely as specified in the proposed contract for sale.

■■■ It is clear under the law that the three exhibits attached to the complaint became a part thereof for all purposes (Ill. Rev. Stat. 1969, ch. 110 § 36), and the factual matters contained in the exhibits which are inconsistent with averments of the complaint serve to negate such averments. (*Hardy v. Montgomery Ward & Co.*, 131 Ill.App.2d 1038; *Preferred Risk Mut. Ins. Co. v. Hites*, 125 Ill.App.2d 144). A motion to dismiss, moreover, is not deemed to have admitted any averments of the complaint which are in conflict with the controlling facts set forth in the exhibits attached to the complaint. *Hardy v. Montgomery Ward & Co.*, 131 Ill.App.2d 1038.

■■ In order to state a cause of action against defendants, it is clear that plaintiff is required to allege in his complaint that he produced a buyer for the subject premises, who was ready, willing and able to purchase the same on terms specified in the listing agreement, and no others. (*Sattler v. Oliver*, 138 Ill.App. 210, Aff'd. 233 Ill. 536; See also: I.L.P. *Brokers* § 78 and cases therein cited). When one examines the complaint in this cause, together with the exhibits attached thereto, it is obvious

that plaintiff has failed to comply with this basic requirement. The terms of the listing agreement called for plaintiff to procure a buyer for the real estate in question who would pay a cash sale price of $59,500, upon which defendants would provide either an abstract of title or title insurance policy manifesting good and merchantable title to the property in themselves. The proposed contract produced by plaintiff did not call for a cash payment at the full purchase price, but rather manifested a conditional tender of earnest money in the amount of $5,000, apparently evidenced by a promissory note, which note was not payable until June 22, 1971, two days after the expiration of the listing agreement. Additionally, the proposed contract called for an inclusion in the sale of numerous items of personal property, many of which could not conceivably be regarded as part of the real estate, with such inclusion to be evidenced by a "bill of sale" to be executed by defendants. Further, the sales contract required defendant to purchase title insurance, thereby negating defendants' reserved option in the listing agreement to provide the purchasers with an abstract of title. In addition to these items, the sales contract purported to impose upon defendants an obligation to furnish a current plat of survey for the property, a matter clearly not contemplated by the listing agreement. (See: *Doppelt v. Geliebter,* 173 Ill.App. 634, 638.) There are additional variances between the proposed contract and the listing agreement but for our purposes it is sufficient to state that plaintiff's complaint fails in significant and substantial respects to allege that he produced a buyer for the subject premises on the terms specified by his principal, the defendants.

■■■ Plaintiff argues, however, that notwithstanding the variances between the listing agreement and the proposed contract for sale, the lower court erred in dismissing the complaint before it could be determined whether defendants had waived the right to object to such variances. In support of this proposition, plaintiff refers to the case of *Crouse v. Rhodes,* 50 Ill.App. 120 and *Smith v. Keeler,* 51 Ill.App. 267, where the courts indeed recognize that a vendor of real estate may waive his right to object to matters of detail in a proposed contract for sale apparently not dealt with or dealt with differently in the agency agreement between the broker and the vendor. Whatever might be the present viability of the rationale employed in those cases or its substantive applicability under the facts of this case, however, it is of no value to plaintiff in the posture of the case as presented in this court, for it is clear that a waiver must be specially pleaded by the party asserting the same. (*First National Bank v. Wine,* 255 Ill.App. 578, 585.) Since plaintiff failed to plead any matters relating to the now interjected assertions of waiver, plaintiff cannot be heard to raise them on appeal.

■■ For the reasons stated, we find that there was no error in the judgment of the Circuit Court of Kankakee County and the order of dismissal entered in such court is affirmed.

Judgment affirmed.

DIXON and SCOTT, JJ., concur.