JOSEPH A. THORSEN COMPANY *et al.*, Plaintiffs-Appellants, *v.* LEILA APPLEQUIST HUSTED, Defendant-Appellee.

Second District   No. 75-520

Opinion filed August 1, 1977.

Michael J. Goldstein, of Chicago, and Schaner, Donohue & Duffy, of Oak Brook, for appellants.

James W. Jerz, of Popejoy, Nelson, Lucas & Speer, of Wheaton, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiffs appeal from a judgment of the circuit court of Du Page County dismissing their complaint for a real estate brokerage commission for failure to state a cause of action.

Joseph A. Thorsen Company and J. W. Reedy, Limited, plaintiffs herein, filed a verified complaint alleging they were licensed real estate brokerage firms and that on August 28, 1974, Reedy had entered into a 180-day listing agreement with defendant, Leila Applequist Husted, for the sale of certain real estate owned by her located in Downers Grove, Illinois. A copy of that contract was attached to and made a part of the complaint.

The complaint further alleged that under the terms of the listing agreement the sale price of the property was to be $185,000 and the broker's commission for producing a buyer was to be 6% of the sale price or $11,100. The complaint alleged that, as permitted under the agreement, Reedy had listed the property with the Cooperative Multiple Listing Pool operating in Du Page County, and that Thorsen, a member of the pool, had produced qualified ready, willing and able purchasers of the property on the terms prescribed by defendant. On November 9, 1974, while the listing agreement was still in effect, these purchasers, William L. Kindler and Robert C. Parker, executed an offer to purchase the real estate, a copy of which was attached to the complaint and made a part thereof, on the prescribed terms but added a rider to their offer, stating in part:

> "It is further agreed and understood this contract may be cancelled within 15 days of date hereof upon Buyer serving written notice of cancellation of this contract to Seller or THORSEN Realty. Buyer desires cancellation privilege to obtain acceptance of Board Approval of Avery Coonley School. If cancellation notice is not served within the number of days as indicated, this contract shall continue in full force and effect."

The rider bore a handwritten, unsigned notation on its face stating, "APPROVED NOV. 4, 1974." Finally, the complaint alleged that defendant was informed of the offer and that it was presented to her for acceptance but that she refused to do so. Plaintiffs thereupon made a demand upon defendant for the $11,100 commission which was refused and they sought judgment in their complaint for that sum and costs of the suit.

On defendant's motion, the described complaint was dismissed by the court for failure to state a cause of action. Plaintiffs then sought to amend the complaint, the trial court denied them leave to do so, and this appeal followed.

■■ We agree with the judgment of the trial court that the complaint as presented did not state an actionable cause against defendant for the broker's commission. While plaintiffs did allege, as they were required to do in asserting such a cause of action, that they had obtained a ready, willing and able buyer for defendant's property on the terms agreed to by defendant, that allegation is contradicted and negated by the buyer's offer to purchase which is also an integral part of plaintiffs' pleading. (*Sharkey v. Snow* (1973), 13 Ill. App. 3d 448, 300 N.E.2d 279.) When presented to defendant, the offer was conditioned by a 15-day cancellation period during which time the purchasers would retain the right to withdraw their offer to purchase the property. It is apparent defendant did not wish to extend that privilege to them by accepting their offer and she was under no obligation to do so.

■■ The listing agreement, also a part of the pleading, provided that plaintiffs would be entitled to a commission if they found a ready, willing and able buyer on the terms described therein; the buyer they produced was not in that category but made only a conditional offer which was unacceptable to defendant. There was no provision in the listing agreement requiring defendant to agree to the cancellation clause in the offer and the complaint did not so allege. It necessarily follows that the allegations of the complaint that plaintiffs had obtained a ready, willing and able buyer for defendant's property are negated by the terms of the rider contained in that buyer's offer to purchase. The complaint therefore failed to state a cause of action as a matter of law and was properly dismissed.

■■ After the complaint was dismissed plaintiffs sought leave of court to amend the complaint by adding an allegation that the school board approval described in the cancellation rider had already been obtained by the purchaser when the offer was communicated to defendant and that defendant knew that the purchasers had obtained the school board acceptance when she received the offer to purchase from plaintiffs.

The trial court correctly determined that the tendered amendments to the complaint would not aid the pleading in that it would still fail to state a cause of action and denied leave to do so.

Plaintiffs contend that had they been permitted to amend the complaint in this manner it would have had the effect of removing the cancellation rider contingency from the offer to purchase and, therefore, the complaint would have stated a cause of action for the real estate commission. Plaintiffs argue that the cancellation privilege sought in the

rider would allow the purchasers to cancel only in the event that they did not obtain the board approval they desired and having obtained it, as evidenced by the notation on the rider of "APPROVED NOV. 4, 1974," that the right to cancel no longer existed when their offer was received by plaintiff and it was then an unconditional offer to purchase defendant's land.

We note the "approved" notation is unsigned and, at most, could be considered attached to the signatures of the purchasers on their offer to purchase. Certainly, it could not be attributed to the Board of Avery Coonley School as acceptance of anything by it. Also, that "approval" is dated November 4, 1974, well before the November 9 date the offer was executed by the purchasers. If the approval of the school board had been previously given, obviously there would be no reason to add the 15-day cancellation rider on the offer to purchase conditioned by such acceptance as was done here.

In our view, however, it is immaterial whether plaintiffs had the approval of the school board or whether such fact had been communicated to defendant; the fact would remain that by the terms of their rider plaintiffs sought to retain the right to cancel the offer to purchase defendant's property for 15 days from its date of November 9, 1974. They presented it to defendant within the 15-day period and she declined to accept the conditional offer made by plaintiffs.

Plaintiffs contend that the cancellation rider somehow becomes void if the fact is that school board approval was obtained by them before presenting the offer to defendant. However, the second sentence, relied upon by plaintiffs, simply states, "Buyer desires cancellation privilege to obtain acceptance of Board Approval of Avery Coonley School." It does not qualify the balance of the rider which provides purchaser the 15-day cancellation privilege and we believe that under these terms the cancellation right would exist for 15 days whether the school board accepted or not.

The amendments offered by plaintiffs would not have aided the complaint since they could not nullify the effect of the cancellation rider of negating the averment that plaintiffs had produced ready, willing and able purchasers on the terms of the listing agreement, and were properly refused.

The judgment of the trial court is affirmed.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.