JAMES R. WALSH, Plaintiff-Appellant, *v.* RICHARD FANSLOW *et al.*, Defendants (Julian Golding *et al.*, Defendants-Appellees).

First District (4th Division)   No. 83—413

Opinion filed April 12, 1984.

Sidley & Austin, of Chicago (Chester J. Maciorowski, Michael R. Blankshain, and Richard O'Malley, of counsel), for appellant.

Berman, Fagel, Haber, Maragos & Abrams, of Chicago (Joel A. Haber, Alvin D. Meyers, and Steven J. Teplinsky, of counsel), for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

On July 24, 1980, plaintiff, James R. Walsh, a real estate broker, filed a complaint against Julian Golding, Marvin Robinson, Maurice Harris, the Austin-Madison Industrial partnership, and Richard Fanslow, defendants. Fanslow is not a party to this appeal. Hereafter, the term "defendants" does not include Fanslow, who will be referred to as Fanslow.

The trial court dismissed plaintiff's fourth amended complaint as to defendants. The fourth amended complaint contained amendments to counts II and III. Count I of the complaint which stated a cause of action against Fanslow for a breach of a real estate broker's contract between plaintiff and Fanslow was allowed to stand. Counts II and III specifically related to defendants and not to Fanslow. The issues on appeal are (1) whether count II of the fourth amended complaint states a cause of action for intentional interference with a contractual relationship and (2) whether count III states a cause of action for conspiracy to interfere with a contractual relationship.

We reverse.

Count I of the two-count complaint filed on July 24, 1980, alleged that in December 1976 plaintiff was contacted by a real estate broker from Applegate Leason and Company regarding an open listing for sale of some property owned by Fanslow. The property consisted of two buildings located in Morton Grove, Illinois. Plaintiff alleged that he had discussions with Fanslow on numerous occasions in December 1976 and January 1977. Plaintiff said that he and Fanslow made an oral agreement to pay Walsh 10% of the purchase price, less the mortgage, if plaintiff procured a buyer who was ready, willing and able to buy the property. Plaintiff further alleged that he was the procuring cause of the sale of the property and that Fanslow breached their agreement by refusing to pay the commission due. Plaintiff demanded judgment against Fanslow in excess of $15,000 for his commission, plus interest and costs.

Count II of the complaint concerned defendants Golding, Robinson, Harris, and the Austin-Madison partnership. On September 3,

1980, defendants filed a motion to strike count II of plaintiff's complaint on the ground that it was legally insufficient in that it failed to state facts sufficient to state a cause of action.

On January 9, 1981, the trial court granted defendants' motion to strike count II and allowed plaintiff 28 days in which to amend count II of the complaint. On February 6, 1981, plaintiff filed his first amended complaint. On March 4, 1981, defendants filed a motion to strike plaintiff's amended count II on the ground that it failed to state a cause of action.

On May 6, 1981, the trial court granted defendants' motion to strike plaintiff's amended complaint. On June 9, 1981, plaintiff filed his second amended complaint which contained a third count.

On January 12 and July 27, 1982, the trial court granted defendants' motions to dismiss plaintiff's second and third amended complaints, respectively, on the ground that the counts did not state a cause of action against defendants for either intentional interference with a contractual relationship or for conspiracy to interfere with a contractual relationship.

On August 24, 1982, plaintiff filed his fourth amended complaint. Summarily, plaintiff's fourth amended complaint charged that plaintiff and Fanslow had an oral contract by which Fanslow employed plaintiff to procure a purchaser ready, willing and able to purchase the property within a reasonable time, at a reasonable price, upon reasonable terms. Plaintiff was to receive 10% of the purchase price, less the mortgage, as commission for procuring a purchaser.

Plaintiff alleged that in January 1977 he informed defendant Robinson that he (plaintiff) was the real estate broker for the property and gave Robinson information concerning the property. Plaintiff alleged that he fully performed his agreement and was the procuring cause of the sale which eventually took place.

Further, count II charged that defendants knew of the real estate contract between plaintiff and Fanslow and that they then conspired to deprive plaintiff of his commission by concealing the purchase from him. After the purchase, in an effort to conceal it, defendants conveyed the property to the defendant partnership of which Golding, Robinson and Harris are general partners. As a direct result of defendants' wrongful acts, plaintiff charged that he was deprived of his commission. He asked that judgment be entered for a sum in excess of $15,000 for his commission, plus interest and costs.

Count III of the fourth amended complaint realleged some of the charges made in count II. Summarily, count III charged that the defendants and Fanslow conspired in a fraudulent, malicious, and

wrongful way to purchase the property without plaintiff's knowledge, and that they concealed the purchase for the purpose of depriving plaintiff of his commission.

Further, defendants conveyed the property to the partnership in order to conceal their wrongful acts and deprive plaintiff of his commission. The purchase price paid by defendants was believed by the plaintiff to be $2,000,000. Plaintiff asked for judgment in excess of $15,000 for his commission, plus interest and costs.

Defendants filed a motion to dismiss plaintiff's fourth amended complaint. The motion asserted that count II of plaintiff's fourth amended complaint lacked factual statements to support a cause of action for intentional interference with a contractual relationship. Further, there were no facts which alleged a valid and enforceable contract between plaintiff and Fanslow; neither were there facts which alleged an actual and intentional breach of contract. Defendants' motion to dismiss went on to say that the allegations against the defendant partnership were insufficient because the partnership was not formed until after the contract to purchase the property. Furthermore, counts II and III of plaintiff's fourth amended complaint are the same, and failure of count II necessarily strikes count III.

On January 18, 1983, a hearing was held on defendants' motion. At the hearing the trial court stated that plaintiff had failed to establish that there was a duty owed which had been breached. Defendants' motion to dismiss counts II and III of plaintiff's fourth amended complaint, with prejudice, was granted and this appeal was brought. Count I which concerns only Fanslow was allowed to stand and was pending in the trial court at the time of this appeal.

■ Defendants' first argument is that count II of the fourth amended complaint was properly dismissed because plaintiff did not allege facts showing a valid and enforceable contract between himself and Fanslow, nor that defendants had knowledge of such a contract. Neither did plaintiff allege facts showing that defendants intentionally induced Fanslow to breach any existing contract he had with plaintiff. Plaintiff's complaint did not show wrongful conduct by defendants and, furthermore, the complaint was based on conclusions rather than facts. Defendants conclude that plaintiff's complaint is insufficient to support any cause of action against them. We do not agree.

Illinois courts have long held that maliciously causing a breach of contract terminable at will is actionable as a civil wrong. (*Getschow v. Commonwealth Edison Co.* (1982), 111 Ill. App. 3d 522, 529, 444 N.E.2d 579, 584.) To state a cause of action for the tort of intentional interference with a contractual relationship, the following elements

must be pleaded: the existence of a valid and enforceable contract between the plaintiff and another; defendant's awareness of the contractual relation; intentional and unjustified inducement of a breach of the contract; a subsequent breach by the other caused by defendant's wrongful conduct; and damages. *Getschow v. Commonwealth Edison Co.* (1982), 111 Ill. App. 3d 522, 529.

Construing the complaint liberally with a view to doing substantial justice between the parties (Ill. Rev. Stat. 1979, ch. 110, par. 33(3)), we must decide if, under the facts alleged and all reasonable inferences that could be drawn therefrom, there was demonstrated any possibility of recovery under the theory alleged; if so, the complaint should not have been dismissed. *Venturini v. Affatato* (1980), 84 Ill. App. 3d 547, 554, 405 N.E.2d 1093, 1098.

With regard to the first two elements of the tort of intentional interference with a contractual relationship, paragraphs 3, 4, 5 and 10 of count II of the fourth amended complaint alleged that plaintiff and Fanslow had entered into an oral contract. According to the terms of that contract, plaintiff was to procure a purchaser for Fanslow's property who was ready, willing and able to purchase within a reasonable time, at a reasonable price, and upon reasonable terms. In return for his service, plaintiff was to receive a commission of 10% of the purchase price less the existing mortgage.

Further, plaintiff alleged that he informed defendant Robinson, who informed defendants Golding and Harris, that plaintiff was Fanslow's real estate broker for the sale of the property. Plaintiff showed the property to defendants Robinson and Golding and supplied them with information concerning the property. Some of the transactions were carried out in the presence of Fanslow's secretary. It could reasonably be inferred from these facts that plaintiff was acting as Fanslow's broker and that defendants were aware of it.

With regard to the third, fourth and fifth elements of the tort, plaintiff alleged in paragraphs five, 10 and 11 of the fourth amended complaint that although defendants knew of his brokerage arrangement with Fanslow, they induced Fanslow to deal directly with them. Plaintiff alleged that as a result of the defendants' inducement, Fanslow did in fact deal directly with them thus breaching his contract and depriving plaintiff of his commission.

As the court did in *Venturini v. Affatato* (1980), 84 Ill. App. 3d 547, 405 N.E.2d 1093, we also find that plaintiff's complaint though no model of pleading, sufficiently stated a cause of action for intentional interference with a contractual relationship.

Defendants' argument that the trend of Illinois courts is to

"tighten up pleading standards," and their reliance on *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976, is based on the premise that plaintiff's complaint in no way stated a cause of action. Our foregoing discussion makes it clear that we reject defendants' argument.

■ Similarly, we reject defendants' contention that there was no valid and enforceable contract between plaintiff and Fanslow. It is well established that no particular form of words is necessary to engage the services of a real estate broker. (*Van C. Argiris Co. v. Caine Steel Co.* (1974), 20 Ill. App. 3d 315, 323, 314 N.E.2d 361, 367.) All that is required is action by the broker with consent of the principal; consent may be oral, written or implied by the conduct of the parties. 20 Ill. App. 3d 315, 323.

■ Here, the complaint alleged sufficient facts to establish that there was indeed a brokerage contract between plaintiff and Fanslow. We find persuasive plaintiff's argument that the complaint alleged the terms of the contract with sufficient specificity to establish a binding real estate broker's contract. (See *Yoder v. Rock Island Bank* (1977), 47 Ill. App. 3d 486, 362 N.E.2d 68; *Miller v. Bloomberg* (1975), 26 Ill. App. 3d 18, 324 N.E.2d 207.) We hold that count II of plaintiff's fourth amended complaint stated a cause of action for intentional interference with a contractual relationship.

■ Defendants next contend that count III of the fourth amended complaint does not state a cause of action for conspiracy to intentionally interfere with a real estate brokerage contract. They argue that plaintiff alleged no facts which could be considered wrongful and in furtherance of the conspiracy. Further, they reassert their argument that there was no valid contract; therefore, there could be no breach of conspiracy to cause a breach.

We have rejected defendants' contention that there was no valid contract between plaintiff and Fanslow. Plaintiff argues persuasively that his complaint contains sufficient allegations to allow his claim to proceed. " 'By its very nature, a conspiracy, if one exists, normally precludes the one who is its object from being in a position to charge, with complete particularity, the details of the conspiracy.' " (*Zokoych v. Spalding* (1976), 36 Ill. App. 3d 654, 667, 344 N.E.2d 805, 816.) A conspiracy is rarely susceptible of direct proof; instead, it is established from circumstantial evidence and inferences drawn from evidence, coupled with commonsense knowledge of the behavior of people in similar circumstances. 36 Ill. App. 3d 654, 667.

In our opinion, plaintiff alleged facts sufficient to state a cause of action for conspiracy. It could reasonably be inferred that a conspiracy

existed based on plaintiff's allegations, namely, secret meetings, defendants' knowledge of plaintiff's status as broker, the manner in which the property was conveyed and subsequent conduct of the defendants.

In light of the allegations made by plaintiff, the existence of a conspiracy was a question for the trier of fact. (*Blivas & Page, Inc. v. Klein* (1972), 5 Ill. App. 3d 280, 286, 282 N.E.2d 210, 215.) Therefore, count III of plaintiff's fourth amended complaint should not have been dismissed.

For the reasons stated, we hold that plaintiff's fourth amended complaint was sufficient and should not have been dismissed. Accordingly, the judgment of the circuit court of Cook County is reversed and the cause is remanded with directions that the complaint be reinstated.

Reversed and remanded.

JIGANTI and ROMITI, JJ., concur.