LINDA RICHMOND, Plaintiff-Appellant, v. DONALD HAHN *et al.*, Defendants-Appellees.

Third District   No. 3—84—0400

Opinion filed July 22, 1985.—Rehearing denied August 26, 1985.

HEIPLE, P.J., dissenting.

Timothy T. McLaughlin, of Chicago, for appellant.

James C. Byrne, of Chicago, for appellees.

JUSTICE WOMBACHER delivered the opinion of the court:
Plaintiff appeals the trial court's dismissal of her complaint alleging intentional interference with contractual relations. We reverse and remand.

Plaintiff was employed by defendant Catholic Diocese of Joliet

(Diocese). She was a teacher at St. Martin of Tours School in Kankakee. Defendant Donald Hahn (Hahn) was the principal at St. Martin's. Plaintiff had taught at St. Martin's in the 1982-83 school year. She signed a contract renewal for the 1983-84 school year in April 1983.

In August 1983, plaintiff was contacted by James De Zwann, the principal of Shabbona School, a public school in Bourbonnais. De Zwann offered plaintiff a teaching position at Shabbona. Shabbona offered a considerably higher salary as well as better teaching conditions. Plaintiff accepted.

She then informed Hahn that she was resigning her position at St. Martin's. Hahn recommended to the board of trustees of St. Martin's that plaintiff not be released from her contract. Hahn contacted De Zwann to protest the hiring of plaintiff. Hahn stated that the Diocese would seek the revocation of plaintiff's teaching certificate. Defendants made similar threats repeatedly, even though they were able to replace plaintiff within two days.

As a result, plaintiff was temporarily relieved of her duties at Shabbona and was given two weeks to resolve the problem with St. Martin's. Despite plaintiff's actions, the problem was never cleared up. Shabbona then broke its agreement with plaintiff. Subsequently, the Diocese informed her that her contract was cancelled.

These are the basic facts as alleged in plaintiff's complaint. Defendants moved to dismiss under sections 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, pars. 2—615, 2—619). The trial court granted the motion based on section 2—615. The motion based on section 2—619 was specifically denied. Plaintiff brings this appeal.

Our standard of review is whether, on the facts alleged, drawing all reasonable inferences therefrom, there was any possibility of recovery demonstrated under the theory alleged. *Sherman v. Field Clinic* (1979), 74 Ill. App. 3d 21, 392 N.E.2d 154; *Venturini v. Affatato* (1980), 84 Ill. App. 3d 547, 405 N.E.2d 1093.

■■ A plaintiff's complaint must allege all the essential elements of the theory of recovery. The essential elements in tortious interference with contractual relations are:

    1. Existence of a valid and enforceable contract between plaintiff and another;

    2. Defendants' awareness of the contract;

    3. Defendants' intentional and unjustified inducement of a breach of that contract;

    4. A subsequent breach of the contract by the third party, caused by defendants' actions;

5. Damages.

*Belden Corp. v. InterNorth, Inc.* (1980), 90 Ill. App. 3d 547, 551, 413 N.E.2d 98; *Walsh v. Fanslow* (1984), 123 Ill. App. 3d 417, 462 N.E.2d 965.

Other cases have required a showing of malice on the defendant's part. This has been held to be the equivalent of intentional action. *H. F. Philipsborn & Co. v. Suson* (1974), 59 Ill. 2d 465, 322 N.E.2d 45; *Audition Division, Ltd. v. Better Business Bureau of Metropolitan Chicago, Inc.* (1983), 120 Ill. App. 3d 254, 458 N.E.2d 115.

We must construe the complaint liberally with a view to doing substantial justice between the parties. (Ill. Rev. Stat. 1983, ch. 110, par. 1—106.) A motion to dismiss admits all well-pleaded facts. *Johnson v. Franzen* (1979), 77 Ill. 2d 513, 397 N.E.2d 825.

■ After reviewing plaintiff's complaint in this case, we find that she has pleaded all the elements of tortious interference with contractual relations. She has alleged that a valid contract existed between her and Shabbona School. She stated that defendants knew of this contract. She expressly and impliedly stated that defendants intentionally, unjustifiedly, and maliciously induced Shabbona School to breach its contract with plaintiff. She alleged that defendants' actions caused her damages.

Defendants' contend that plaintiff has not alleged that the actions were unjustified. In paragraph 25 of the complaint, plaintiff has specifically alleged that the actions were unjustified and without good cause. Plaintiff also alleged facts, that, if proved, would substantiate such an allegation. Paragraph 11 claims that the actions of the defendants were capricious in that prior to her attempt to leave St. Martin's, 21 other teachers had left within the past three years without incident. Finally, paragraphs 15 through 18, read liberally, show how defendants' conduct was intentional and malicious.

■ Defendants further argue that their actions are justified as a matter of law. That issue is not before us. Such an issue was not raised in the pleadings, nor was it raised by the successful motion to dismiss. A motion under section 2—615, as this was, is to be decided on the face of the pleading. Under section 2—619, which was specifically denied by the trial court, a motion can be accompanied by other documents such as affidavits. Our examination of the complaint shows that it properly set forth all necessary elements which, if proved, would support plaintiff's claim. For the lower court to dismiss on this motion was error.

We do not decide this case on the merits. It is at the earliest of stages. Whether the facts she has alleged can be proved remains to be

seen. Plaintiff has successfully pleaded her case. She is entitled to an opportunity to prove her allegations.

For this reason, the order dismissing the complaint by the circuit court of Will County is reversed. This cause is remanded for further proceedings.

Reversed and remanded.

BARRY, J., concurs.

PRESIDING JUSTICE HEIPLE, dissenting:

A motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615) admits to all facts well pleaded and is to be decided on the face of the pleadings. Exhibits attached to a complaint become a part thereof for all purposes and factual matters contained in exhibits which are inconsistent with allegations of the complaint serve to negate such allegations. *Sharkey v. Snow* (1973), 13 Ill. App. 3d 448.

An essential element of tortious interference with contractual relations is defendant's intentional and unjustified inducement of a breach of a contract between plaintiff and another. The plaintiff alleges this element in paragraph 25 of her complaint. However, the terms of her employment contract with defendant contradict her claim that defendants' actions were unjustified.

Paragraph 6 of the complaint incorporates the contract by reference. Therefore, the contradictory terms of the contract should be considered in reviewing the trial court's decision to grant the defendants' 2—615 motion to dismiss.

According to the contract, the defendants reserved the right to report the unprofessional conduct of a teacher to the appropriate educational authorities, thereby subjecting the offending teacher to a possible suspension of her teaching certificate. The plaintiff's employment contract incorporated by reference the Diocesean personnel policy handbook. The handbook states that a teacher who terminates employment not in accord with Diocesean policy is guilty of unprofessional conduct.

It is clear from the complaint and exhibits in the present case that the plaintiff breached her contract by unilaterally terminating her employment in violation of Diocesean personnel rules. This action by the plaintiff triggered defendants' right to report plaintiff's unprofessional conduct to the proper authorities in accord with its personnel policy. Defendants were justified in contacting the principal of the

Shabbona School to inform him of plaintiff's breach and of defendants' decision to enforce its rights under the contract.

Plaintiff's allegation of unjustified interference by defendants is contradicted by the exhibit attached to the complaint. The majority chooses to ignore the ramifications of this conflict by restricting its attention to the allegations of the complaint. The trial court properly considered the complaint and exhibit as a whole and concluded that plaintiff's complaint failed to allege a crucial element of a cause of action for tortious interference with contract. I would affirm the judgment of the circuit court of Will County.