(No. 51762.—

RICHARD JOHNSON, Appellant, v. GAYLE FRANZEN, Director of Corrections, Appellee.

*Opinion filed November 21, 1979.*

Wendy Meltzer, of the Legal Assistance Foundation, and James B. Haddad, of the Northwestern Legal Assistance Clinic, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield (Joseph Moscov, Special Assistant Attorney General, of Chicago, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiff, Richard Johnson, was convicted of a criminal offense and on June 10, 1977, received an indeterminate sentence of eight years to eight years and one day. On September 6, 1978, plaintiff filed the instant civil action against defendant, the Director of the Department of Corrections (Director), in the circuit court of Cook County seeking, in counts I and II of his complaint, *mandamus* and declaratory and injunctive relief. The claim for relief arises from the refusal by the Department of Corrections (Department) to apply to plaintiff and others similarly situated the day-for-day good-conduct-credit formula established by the amended good-conduct-credit provision of the Unified Code of Corrections which became effective on February 1, 1978 (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1003–6–3). Plaintiff brought counts I and II as a class action on behalf of himself and all other persons serving indeterminate sentences who would benefit from the amended provision. Count III was brought in plaintiff's individual capacity and alleged a denial of equal protection under the Illinois and United States constitutions as a consequence of the Department's. refusal to award him compensatory good-conduct credits (Ill. Rev. Stat. 1977, ch. 38, par. 1003–12–5) for time he spent serving his Illinois sentence in a Federal penitentiary (Ill. Rev. Stat. 1977, ch. 38, par. 1005–8–6(e)). The circuit court allowed the Director's motion to dismiss plaintiff's complaint for failure to state a cause of action, and we allowed plaintiff's motion for direct appeal under Rule 302(b) (58 Ill. 2d R. 302(b)).

A review of the recent statutory history of sentencing in Illinois and the application of good-conduct credits to sentence terms is necessary for an understanding of the contentions raised here. Until February 1, 1978, Illinois had a system of indeterminate sentences in which those committed to the Department of Corrections for commission of a felony were sentenced to minimum and maximum terms of imprisonment (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1). Good-conduct credits were applied to the minimum term to advance the date of parole eligibility and to the maximum to advance the date beyond which a prisoner could not be incarcerated. The Department was required to prescribe, at a rate within its discretion, a schedule of good-conduct credits for good behavior (Ill. Rev. Stat. 1977, ch. 38, par. 1003—6—3). These were known as "statutory good time credits." The Department was also empowered to award good-conduct credits to prisoners who performed work assignments or participated in other Department programs (Ill. Rev. Stat. 1977, ch. 38, par. 1003—12—5). These credits were known as "compensatory good time credits."

Effective February 1, 1978, the General Assembly amended the Unified Code of Corrections (Code) and replaced in some instances the indeterminate sentencing system with a fixed or determinate sentencing system (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1). The Code no longer gives the Department authority to award compensatory good-conduct credits (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1003—12—5) and no longer gives the Department the authority to award statutory good-time credit at a discretionary rate (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1003—6—3). The Code expressly directs the Department to prescribe rules and regulations providing for good-conduct credits on a day-for-day basis. Amended section 3—6—3 provides:

"(a)(1) The Department of Corrections shall pre-

scribe rules and regulations for the early release on account of good conduct of persons committed to the Department which shall be subject to review by the Prisoner Review Board.

(2) Such rules and regulations shall provide that *the prisoner shall receive one day of good conduct credit for each day of service in prison* for all classes of felonies other than where a sentence of 'natural life' has been imposed. *Each day of good conduct credit shall reduce by one day the inmate's period of incarceration set by the court.*" (Emphasis added.) (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1003—6—3(a)(1), (2).)

Amended section 5—8—7(b) prescribes the scope of the application of the day-for-day formula. It provides:

"*The offender shall be given credit on the* deter-minate sentence or *maximum term and the minimum period of imprisonment* for time spent in custody as a result of the offense for which the sentence was imposed, at the rate specified in Section 3—6—3 of this Code." (Emphasis added.) Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—7(b).

After the amended code came into effect, the Department promulgated a regulation which authorized day-for-day good-conduct credit for persons serving determinate sentences but refused to apply the day-for-day formula to the maximum and minimum terms of those serving indeterminate sentences. The Department promulgated new regulations which continued to apply to indeterminate sentences the old system of "statutory good time," which provided for less than day-for-day credit, and the system of "compensatory good time," which provided a maximum credit of 7½ days per month.

The first issue presented to us is whether and to what extent the day-for-day good-conduct-credit formula applies to plaintiff, who was convicted and sentenced to an indeterminate prison term before the effective date of the amended good-conduct-credit provision and who would benefit from the day-for-day formula. Since plaintiff's

complaint was dismissed for failure to state a cause of action before the circuit court reached the class-certification issues, we need not reach the issue of whether plaintiff may properly represent the entire class on whose behalf he seeks to bring this action.

Plaintiff contends that he is entitled to day-for-day good-conduct credits, instead of the less beneficial statutory and compensatory good-conduct credits, for time served after the effective date of the day-for-day provision and also for time served prior to the effective date. We agree that plaintiff is entitled to day-for-day credit for time served after the effective date of the day-for-day formula but do not agree that he is entitled to such credit for time served prior to the effective date.

It is clear from the express statutory language that after February 1, 1978, a day-for-day good-conduct-credit system was established in Illinois and that the new system applies to both determinate and indeterminate sentences. Amended section 3—6—3 of the Code directs the Department to promulgate rules and regulations which provide for day-for-day good-conduct credit (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1003—6—3), and there is no authority in the amended code for the Department to promulgate rules providing for less than day-for-day credit. Section 5—8—7 provides that prisoners are to be given day-for-day credit on the maximum term and minimum period of imprisonment (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—7(b)), and only indeterminate sentences have maximum and minimum terms (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1). To hold that the amended good-conduct credit provisions do not apply to indeterminate sentences would be to improperly ignore the express language of section 5—8—7 (*People v. Lutz* (1978), 73 Ill. 2d 204, 212-13). In light of the clear legislative pronouncements (*Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 194), we can reach no other conclusion than that plaintiff

is entitled to day-for-day good-conduct credits for time served after February 1, 1978.

Because the General Assembly has clearly expressed its intent to establish as of February 1, 1978, a day-for-day good-conduct-credit system applicable to those serving indeterminate sentences, there is no need to engage in statutory construction to determine whether plaintiff is entitled to day-for-day credit as of that date. We have nevertheless examined the Director's arguments and citations and find that they do not support his contention that the day-for-day formula is inapplicable to time served after February 1, 1978.

The Director cites amended section 8—2—4(b) of the Code (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1008—2—4(b)), which prohibits those sentenced prior to February 1, 1978, from electing to be resentenced by the trial court under the amended code. That provision has no bearing on whether the day-for-day good-conduct-credit formula applies to those serving indeterminate sentences on the effective date of the amended good-conduct-credit provision. The purpose of section 8—2—4(b) is to avoid numerous applications to the circuit court for resentencing. (*People v. Grant* (1978), 71 Ill. 2d 551, 561-62.) Application of the day-for-day good-conduct-credit system as of its effective date does not create problems similar to those section 8—2—4(b) seeks to avoid since resentencing by the circuit court is not involved.

Section 8—2—4(b) also provides that a defendant who had not been sentenced before February 1, 1978, may elect to be sentenced to either an indeterminate sentence under the law as it existed at the time of his offense or to a determinate sentence under the amended code. The election of an indeterminate sentence under section 8—2—4(b) serves to place those making the election in the same position as those who were sentenced prior to February 1, 1978. To assume that the mandate to apply

the day-for-day formula to indeterminate sentences applies only to those electing indeterminate sentences after February 1, 1978, would undermine that purpose. Furthermore, to limit the application of the day-for-day formula to those electing indeterminate sentences after February 1, 1978, would create a dual system of good-conduct credits applicable to those serving indeterminate sentences without any provision for such a dual system in the good-conduct-credit sections of the Code. We note that plaintiff argues and that the Department's regulations seem to indicate that the Department gives good-conduct credit on the same basis to all who are serving indeterminate sentences without regard to when the sentence was imposed but that in no instance does the Department give day-for-day credit to anyone serving an indeterminate sentence. A total refusal to grant day-for-day credit to those serving indeterminate sentences ignores the express statutory language providing for such credit.

The Director also cites section 3—3—2.1 of the Code, which first became effective on February 1, 1978. That section provides a means for those sentenced to indeterminate sentences under prior law to elect a fixed release date after their first parole hearing following February 1, 1978 (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1003—3—2.1; see also Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1003—3—2(a)(5)). The Director contends that the only persons sentenced to indeterminate sentences who are entitled to day-for-day credit are those who have elected a fixed release date. Section 3—3—2.1 indicates that the day-for-day good-conduct-credit formula is not limited to those electing a fixed release date. Those receiving a fixed release date may "*continue* to accumulate good conduct credits at the maximum rate" provided under the recently enacted law. (Emphasis added.) (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1003—3—2.1(c).) Thus the Director's contention that the day-for-day formula applies only to

those who elect the fixed release date is inconsistent with section 3—3—2.1. His position is also inconsistent with the express mandate of section 5—8—7. That section provides for the application of day-for-day credits to maximum and minimum terms, as well as to determinate sentences. One who elects a fixed release date no longer has a maximum or minimum term but has a fixed term. Therefore to say that the only persons sentenced to indeterminate terms who may receive day-for-day credits are those who have exchanged their indeterminate sentences for fixed release dates is to ignore that section 5—8—7 applies to minimum and maximum terms.

The Director argues that section 4 of "An Act to revise the law in relation to the construction of the statutes," which provides that new laws should not be construed to apply retroactively to affect "any penalty, forfeiture or punishment" (Ill. Rev. Stat. 1977, ch. 131, par. 4), bars application of the day-for-day formula to plaintiff after February 1, 1978. That section has no bearing where, as here, the General Assembly has clearly expressed its intention to establish a day-for-day good-conduct-credit system effective February 1, 1978. *People ex rel. Johnson v. Pate* (1961), 23 Ill. 2d 409, 411.

We agree with the Director's contention that plaintiff is not entitled to day-for-day credit for time spent in custody prior to the effective date of the amended good-conduct-credit system. Although the General Assembly clearly established a day-for-day good-conduct-credit system as of February 1, 1978, there is no clear statutory indication that the day-for-day formula applies retroactively to time spent in custody before the effective date of the amended system. Nor is there any statutory indication that the General Assembly contemplated or authorized the extensive recalculation of good-conduct credits for all prisoners serving time on February 1, 1978, which the retroactive application of the day-for-day

formula would require. Absent such a clear legislative intention (*In re Estate of Krotzsch* (1975), 60 Ill. 2d 342, 345; *Stigler v. City of Chicago* (1971), 48 Ill. 2d 20, 24), we will not hold that the day-for-day formula applies to time served prior to February 1, 1978.

In sum, we hold that the circuit court erred in dismissing counts I and II of plaintiff's complaint in their entirety. From February 1, 1978, forward, plaintiff is entitled to one day of good-conduct credit for each day served to the extent his prison conduct merits the award of credits. The credits are to be applied to the minimum and maximum terms. For time served prior to February 1, 1978, plaintiff is entitled to the statutory and compensatory good-time credits to which he was entitled under the old good-conduct-credit system.

Plaintiff's final contention is that he was denied equal protection under both the Illinois and United States constitutions by the Department's refusal to award him compensatory good-time credit for time spent serving his Illinois sentence in a Federal penitentiary (Ill. Rev. Stat. 1977, ch. 38, par. 1005–8–6(e)). Plaintiff is now in the Department's custody. We address this final contention because we have held that good-conduct credit for time served prior to February 1, 1978, must be calculated under the system of statutory and compensatory credit in effect before that date. Plaintiff's complaint alleges that although there is a theoretical difference between statutory and compensatory good time, the Department in fact awards both types of credit on the same basis, *i.e.,* for good behavior. The Department awards statutory good time both to those who are in the Department's custody and, on the basis of Federal records, to those who are in Federal custody. However, the Department awards compensatory good time only to those in its custody.

Since this issue has arisen on a motion to dismiss, we must accept all the facts well pleaded by plaintiff as true.

(*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 329.) If the allegations in plaintiff's complaint are taken as true, the Department's refusal to award compensatory good time to those in Federal prison is purely arbitrary. Since plaintiff's complaint presents no reasonable basis for the Department's refusal to grant compensatory good time, plaintiff has stated a cause of action for denial of equal protection (*People v. Grant* (1978), 71 Ill. 2d 551, 561-62; *People v. Sherman* (1974), 57 Ill. 2d 1, 4-5). The Director's contention that the Department's refusal to grant compensatory good time does not violate equal protection since it is based on the rational ground that compensatory good time is awarded only for participation in rehabilitation programs, except in certain limited situations, and that the Department cannot evaluate a Federal inmate's conduct and response to Federal programs (*McGinnis v. Royster* (1973), 410 U.S. 263, 277, 35 L. Ed. 2d 282, 292-93, 93 S. Ct. 1055, 1063) is not properly reached on a motion to dismiss and therefore will not be addressed here.

For the reasons stated, the judgment of the circuit court dismissing plaintiff's complaint for failure to state a cause of action is reversed. The cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Reversed and remanded.*