LYNN BARI PETTIS, Petitioner-Appellant, *v.* JAMES R. IRVING, Chairman, Illinois Prisoner Review Board, Respondent-Appellee.

Third District    No. 80-461

Opinion filed July 23, 1981.

Lynn Bari Pettis, of Joliet, for appellant, *pro se*.

Tyrone C. Fahner, Attorney General, of Chicago (Edward M. Kay, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The petitioner-appellant, Lynn Bari Pettis, appeals from an order of the Circuit Court of Will County dismissing as moot his petition for a writ of *mandamus*. In his petition, Mr. Pettis alleged essentially the following facts.

On June 10, 1976, the petitioner was convicted of two counts of burglary and sentenced to an indeterminate term of three to nine years imprisonment. On June 6, 1978, he appeared before the Illinois Prisoner Review Board and accepted a fixed release date subject to two years mandatory supervised release pursuant to section 3—3—2.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1003—3—2.1). The release date selected was June 6, 1979.

On November 21, 1978, the petitioner was released on mandatory supervision. His three- to nine-year sentence for the June 10, 1976, conviction was discharged on June 4, 1979.

On June 11, 1979, the petitioner was recommitted to the Department of Corrections following his arrest for committing two acts of burglary. He was convicted of these offenses and sentenced to a determinate term of five years imprisonment.

In a petition for a writ of *mandamus*, filed on March 21, 1980, the petitioner claimed that he was improperly denied day-for-day good conduct credit for the period of time between February 1, 1978, and June 6, 1978. During this period of time the petitioner was serving his indeterminate three- to nine-year sentence for his June 10, 1976, burglary conviction. He requested that the good conduct credit he applied to his new five-year determinate sentence pursuant to section 5—8—7 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—7(c)).

Although the number of days between February 1, 1978 and June 6, 1978, is 125, the petitioner asserted in his petition that he was entitled to 220 days good conduct credit under the day-for-day good conduct credit system. His request for 220 days credit apparently arises from a misreading of the statutory provision found in section 3—6—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1003—6—3), which awards one day of good conduct credit for each day served and not two days as the petitioner evidently believed.

The petitioner's writ of *mandamus* request was dismissed as moot by the Circuit Court of Will County on July 28, 1980, since the petitioner had been discharged from his three- to nine-year indeterminate sentence. This dismissal was entirely appropriate, since, contrary to the petitioner's

belief, section 5—8—7(c) of the Unified Code of Corrections does not provide for the application of good conduct credit earned while serving a sentence for one crime to sentences imposed for other crimes. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—7(c).) Although one might reasonably hope for greater clarity and precision in the language of the statute, it is apparent from a reading of both paragraphs (b) and (c) of section 5—8—7 that good conduct credit earned be prospectively applied in the manner sought by the petitioner.

The case of *Johnson v. Franzen* (1979), 77 Ill. 2d 513, 397 N.E.2d 825, relied upon by the petitioner, is not supportive of his argument. In *Franzen*, our supreme court determined that the defendant was entitled to day-for-day good conduct credit as of February 1, 1978, the effective date of the relevant provisions of the Unified Code of Corrections, and that such credit would apply to previously imposed sentences and indeterminate sentences. The question raised in the instant case, whether day-for-day good conduct credit earned while serving a sentence for one crime from which the individual has been discharged can be applied to a sentence served for a subsequent crime, was not at issue in *Franzen*. We have recently reviewed the *Franzen* issue in *Williams v. Irving* (1981), 98 Ill. App. 3d 323, 424 N.E.2d 381.

To date relatively few cases have interpreted sections 1005—8—7(b) and (c) of the Unified Code of Corrections. This dearth of case law has raised questions and, in some instances, false hopes concerning the day-for-day good conduct statutory provisions. One case which addresses the provisions is *People v. Speller* (5th Dist. 1977), 46 Ill. App. 3d 208, 360 N.E.2d 1155. In *Speller* the defendant was taken into custody in California on September 26, 1974, for an alleged offense unrelated to certain Illinois charges then pending against him. California authorities were notified of the Illinois charges on November 9, 1974, and on January 9, 1975, the defendant was released to Illinois authorities. The defendant was subsequently convicted and given credit for the time spent in custody in California from November 9 to January 9. He maintained, however, that under section 5—8—7(c) he was also entitled to credit for the time spent in custody in California from September 26 to November 9. In rejecting this contention, the *Speller* court found that the time the defendant spent in custody in California prior to November 9, 1974, the date on which California authorities learned of the Illinois charges, was not time spent in custody as a result of the offense for which sentence was imposed. In so holding, the court in *Speller* determined that section 5—8—7(c) was added to the Unified Code of Corrections to protect the rights secured to a defendant under section 5—8—7(b). Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—7(b), (c).

The reasoning found in *Speller* is applicable to the case at bar. Addi-

tionally, it is well to note that the defendant in the instant case was discharged from his sentence on the earlier burglary conviction before he began serving his five-year determinate sentence on June 11, 1979. Accordingly, we hold that the petitioner's application for a writ of *mandamus* was properly dismissed by the Circuit Court of Will County.

Affirmed.

SCOTT, P. J., and HEIPLE, J., concur.