**James BARKSDALE, Plaintiff,**

v.

**Gayle M. FRANZEN and John B. Groves, Defendants.**

**No. 80 C 2981.**

United States District Court, N. D. Illinois, E. D.

Nov. 23, 1981.

James Barksdale, pro se.

Tyrone C. Fahner, Atty. Gen., State of Ill., Chicago, Ill., for defendants.

MEMORANDUM OPINION

FLAUM, District Judge:

This matter comes before the court on the defendant's motion to dismiss the complaint for failure to state a claim or, alternatively, motion for summary judgment. For the reasons set forth below, the motion for summary judgment is granted.

The plaintiff James Barksdale ("Barksdale") filed suit *pro se* pursuant to 42 U.S.C. § 1983 (1978) against the defendants Gayle Franzen ("Franzen"), Director of the Illinois Department of Corrections ("the department"), and John Groves, Chief Record

Officer of the department.[1] Giving a liberal construction to the allegations in the *pro se* complaint as required under *Haines v. Kerner*, 404 U.S. 519, 524, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Barksdale apparently alleges that the department has violated his constitutional rights by failing to give him the amount of good-time credit required under the new Illinois sentencing law as construed by the Illinois Supreme Court in *Johnson v. Franzen*, 77 Ill.2d 513, 522, 34 Ill.Dec. 153, 157, 397 N.E.2d 825, 829 (1979). Barksdale also alleges that the defendants' failure to properly compute his good-time credit has resulted in his name not being submitted to the Illinois Prisoner Review Board.[2]

The defendant Franzen filed a motion to dismiss for failure to state a claim or, alternatively, a motion for summary judgment. In support of his motion, Franzen contends that the department's procedure for computing Barksdale's good-time credit has been upheld by the Illinois courts as an appropriate implementation of the new Illinois sentencing law and the Illinois Supreme Court's mandate in *Johnson v. Franzen*, 77 Ill.2d 513, 522, 34 Ill.Dec. 153, 157, 397 N.E.2d 825, 829 (1979). Franzen also contends that Barksdale's allegation regarding a hearing before the Illinois Prisoner Review Board is moot since Barksdale already has appeared before the board. The court will address these contentions *seriatim*.

Prior to February 1, 1978, Illinois had a system of indeterminate sentences under which prisoners convicted of a felony were sentenced to minimum and maximum terms of imprisonment. Ill.Rev.Stat. ch. 38, § 1005–8–1 (Amended 1978). The department prescribed a schedule of good-time credits for good behavior known as "statutory good-time credits". *Id.* § 1003–6–3. The department also awarded good-time credits known as "compensatory good-time credits" to prisoners who performed certain work assignments or participated in certain programs. *Id.* § 1003–12–5. The department then applied these good-time credits to a prisoner's minimum term of incarceration to advance the date of parole eligibility and to the prisoner's maximum term to advance the date of release. Effective February 1, 1978, the Illinois General Assembly amended the Illinois Unified Code of Corrections ("the code") to replace certain indeterminate sentences with fixed or determinate sentences. Ill.Rev.Stat. ch. 38, ¶ 1005–8–1 (1978). The amended code further provides that the department is to give good-time credit to prisoners under a day-for-day credit system rather than under the old compensatory and statutory credit system. *Id.* ¶ 1003–6–3.

After the amended code came into effect, the department awarded day-for-day credit to prisoners who were serving determinate sentences, but continued to award statutory and compensatory credits to prisoners who were serving indeterminate sentences. In *Johnson v. Franzen*, 77 Ill.2d 513, 517, 34 Ill.Dec. 153, 154, 397 N.E.2d 825, 826 (1978), the plaintiff, a prisoner who received an indeterminate sentence prior to February 1, 1978, filed suit to require the department to award day-for-day credit to prisoners serving indeterminate sentences. The plaintiff in *Johnson* contended that the new day-for-day system would benefit him and other prisoners similarly situated by resulting in earlier parole eligibility and release dates. *Id.*, 34 Ill.Dec. at 155, 397 N.E.2d at 827. The Illinois Supreme Court held that the amended code requires that all prisoners—whether serving determinate or indeterminate sentences—are to receive the benefit of the day-for-day good-time credit system beginning February 1, 1978:

---

1. The defendant John Groves was not served with process and thus does not join in the motion.

2. Barksdale also apparently asks the court to "discharge" him from his confinement as a remedy for the defendants' allegedly unconstitutional actions. Since Barksdale appears to ask this court for an immediate release, his sole federal remedy for this request is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973).

From February 1, 1978, forward, plaintiff is entitled to one day of good-conduct credit for each day served to the extent his prison conduct merits the award of credits. The credits are to be applied to the minimum and maximum terms. For time served prior to February 1, 1978, plaintiff is entitled to the statutory and compensatory good-time credits to which he was entitled under the old good-conduct-credit system.

*Id.* at 522, 34 Ill.Dec. at 157, 397 N.E.2d at 829.

Following the Illinois Supreme Court's directive in *Johnson*, the department established a procedure for applying day-for-day good-time credit to indeterminate sentences imposed prior to February 1, 1978. The department first determined the amount of time a prisoner had served prior to February 1, 1978. The department next determined the amount of statutory good-time credit earned by the prisoner based upon the amount of time served prior to February 1, 1978. The department then computed the amount of compensatory good-time which the prisoner had earned prior to February 1, 1978. This total, pre-February 1, 1978, good-time credit amount then was subtracted from the prisoner's court-imposed minimum and maximum sentences to determine the amount of time remaining to be served on the sentences. The department then applied day-for-day credit earned after February 1, 1978 to these adjusted minimum and maximum sentences. For some prisoners, this application of the day-for-day credit system resulted in earlier parole eligibility and release dates. For other prisoners, however, the department's procedure of prorating statutory and compensatory good-time earned prior to February 1, 1978 and then applying day-for-day credit would result in longer periods of incarceration. Thus, as to these prisoners, the department continued to apply the more beneficial statutory and compensatory credit system.

The department's policy of continuing to apply the old credit system to prisoners who would not benefit under the day-for-day system was addressed by the Circuit Court of Will County, Illinois in *Henderson v. Franzen*, No. 80 MR 90 (12th Dist. Aug. 7, 1980). In *Henderson*, the plaintiff, a prisoner serving an indeterminate sentence imposed prior to February 1, 1978, filed suit to require the department to use the day-for-day credit system in computing the amount of good-time credit to be deducted from his sentence. The circuit court concluded that requiring the department to apply the day-for-day credit system to the plaintiff's sentence would result in the plaintiff serving a longer period of time than if his good-time were computed under the old system. *Id.* at 2. The *Henderson* court construed the Illinois Supreme Court's directive in *Johnson* as requiring the application of the day-for-day credit system only in those cases in which such application would be beneficial to the prisoner by resulting in a shorter period of incarceration. *Id.* Moreover, the circuit court concluded that, in amending the Illinois code, the Illinois General Assembly did not intend to increase the sentence of a prisoner already incarcerated. *Id.* at 3. Thus, the *Hernandez* court upheld the department's procedure of not applying the day-for-day credit system to those prisoners who would receive more credit under the old statutory and compensatory credit system. *Id.*

On appeal, the Illinois Appellate Court for the Third District affirmed the circuit court's interpretation of *Johnson* and upheld the department's procedure of applying the old credit system to those prisoners who would not benefit under the day-for-day system. *Williams v. Irving*, 98 Ill. App.3d 323, 53 Ill.Dec. 746, 424 N.E.2d 381, 386 (Ill.App.3d Dist. 1981).[3] The plaintiffs on appeal in *Williams* further argued that the day-for-day good-time credit system would be beneficial to them if their sentences were adjusted properly for the good-time credits applicable under the old sentencing system—that is, give the plaintiffs the full amount of statutory good-time applicable to their full sentences, regardless of

---

**3.** The *Henderson* case was consolidated with several other cases for the purpose of appeal.

the time which they actually had served on those sentences. *Id.* 53 Ill.Dec. at 747, 424 N.E.2d at 385. The Illinois Appellate Court for the Third District rejected this argument. In so doing, the court concluded that the department was correct, when recalculating sentences for the purpose of making new day-for-day awards, in only crediting prisoners with a *pro rata* share of the full good-time credit they would have received had the prisoners completed their sentences. *Id.* The *Williams* court reasoned that the *pro rata* share was based upon the time that the plaintiffs had served prior to February 1, 1978 and that the amount was all that the plaintiffs were entitled to under the old system. *Id.* The appellate court further determined that the department's procedure under the old system to "award" full statutory good-time credit at the outset of a prisoner's sentence merely was a bookkeeping procedure used by the department to show the full statutory good-time credit which will have been earned by the prisoner if he serves his time on good behavior, not a policy by the department to actually award all of the good-time credit at the outset of a prisoner's term. *Id.* Thus, the *Williams* court upheld the department's policy of not applying the new day-for-day credit system to those prisoners who would receive more credit under the old system and rejected the plaintiffs' contention that all good-time credit must be deducted under the old system in order for them to benefit under the day-for-day credit system. *Id.* 53 Ill.Dec. at 748, 424 N.E.2d at 386.

Applying the law to the present case, Barksdale's contentions mirror the arguments raised by the plaintiffs in *Hernandez* and *Williams*. Barksdale, who received an indeterminate sentence prior to February 1, 1978, relies upon *Johnson* in challenging the department's procedure of continuing to ap-

ply the old good-time credit system instead of the new day-for-day credit system. Barksdale also challenges the department's procedure of prorating his good-time credit under the old system before applying day-for-day credit. In support of his motion to dismiss or for summary judgment, Franzen has submitted affidavits and other matters outside the pleadings which show that Barksdale would be subject to a longer period of incarceration if his good-time credit were computed under the new day-for-day system. Franzen also has established that Barksdale's good-time credit was computed by the same procedure which was upheld by the *Hernandez* and *Williams* courts as appropriate under the amended Illinois code and the Illinois Supreme Court's directive in *Johnson.*

Federal Rule of Civil Procedure 56(c) provides that summary judgment must be entered in a case "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Applying this standard to the facts in the present case, the court grants Franzen's motion for summary judgment on the complaint.[4]

Accordingly, the motion for summary judgment is granted.[5]

It is so ordered.

---

4. The court concludes that a motion for summary judgment is appropriate in this case since matters outside the pleadings were submitted to and considered by the court. *See* Fed.R. Civ.P. 12(b)(6). Moreover, a motion to dismiss for failure to state a claim is inappropriate in this case since Barksdale arguably does state a claim when he alleges that he has not received

the appropriate amount of good-time credit required under Illinois law.

5. Since the department has properly computed Barksdale's good-time credit and since Barksdale apparently has had his case heard by the Illinois Prisoner Review Board, the court will not address Barksdale's allegations regarding a hearing before the board.