James BARKSDALE, Plaintiff-Appellant,

v.

Gayle M. FRANZEN and John B. Groves, Defendants-Appellees.

No. 81–2985.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 29, 1982.

Decided Feb. 24, 1983.

Rehearing and Rehearing En Banc Denied July 25, 1983.

Yolaine Dallphin, Senior Law Student Mandel Legal Aid Clinic, Chicago, Ill., for plaintiff-appellant.

Leslie Rosen, Patricia Rosen, Chicago, Ill., for defendants-appellees.

Before WOOD and COFFEY, Circuit Judges, and TIMBERS,* Senior Circuit Judge.

COFFEY, Circuit Judge.

The plaintiff James Barksdale, an inmate incarcerated in an Illinois prison, brought

this *pro se* action under 42 U.S.C. § 1983 alleging that the Illinois Department of Corrections violated his constitutional rights when it failed to subtract from his prison term the appropriate number of days of good time credit that he is allegedly entitled to under Illinois law. Barksdale, sentenced in 1973 to a term of 75 to 150 years, contends that Ill.Rev.Stat. ch. 38 § 1003–6–3 (1978) compels the Department of Corrections[1] to reduce his prison term not only on the "statutory and compensatory good time credit" basis (i.e. reduction of the prison term on a rate prescribed by the Department) but also on a "day-for-day good time" basis (i.e. one day reduction of the prison term for each day of good conduct). The District Court, 526 F.Supp. 1082, for the Northern District of Illinois rejected this argument for double good time credit and entered summary judgment in favor of the defendants. We affirm.

In 1972, the plaintiff Barksdale was convicted in an Illinois state court of rape and deviate sexual assault and received concurrent, indeterminate sentences of 50 to 100 years for the rape conviction and 10 to 14 years for the sexual assault conviction. While out on bond for these convictions, Barksdale committed a second crime of rape and another crime of deviate sexual assault. He was tried, convicted and sentenced to a term of 75 to 150 years for the second rape conviction and 4 to 14 years for the second deviate sexual assault conviction, with both sentences to run concurrently with each other and concurrently with the sentences earlier imposed for the 1972 convictions. Barksdale began serving these sentences in 1973 at the Stateville Correctional Center in Joliet, Illinois.

To fully understand Barksdale's contentions, a review of the recent Illinois statutory and case law history of sentencing and good time credit is required. Prior to February 1, 1978, Illinois gave inmates good time credit under a formula known as the "statutory and compensatory" standard.

The Illinois Supreme Court described the statutory and compensatory plan as follows:

"Until February 1, 1978, Illinois had a system of indeterminate sentences in which those committed to the Department of Corrections for commission of a felony were sentenced to minimum and maximum terms of imprisonment (Ill. Rev.Stat.1977, ch. 38, par. 1005–8–1). Good-conduct credits were applied to the minimum term to advance the date of parole eligibility and to the maximum to advance the date beyond which a prisoner could not be incarcerated. The Department was required to prescribe, at a rate within its discretion, a schedule of good-conduct credits for good behavior (Ill.Rev. Stat.1977, ch. 38, par. 1003–6–3). These were known as 'statutory good time credits.' The Department was also empowered to award good-conduct credits to prisoners who performed work assignments or participated in other Department programs (Ill.Rev.Stat.1977, ch. 38, par. 1003–12–5). These credits were known as 'compensatory good time credits.'"

*Johnson v. Franzen,* 77 Ill.2d 513, 516, 34 Ill.Dec. 153, 154, 397 N.E.2d 825, 826 (1979).

Under this formula, inmates were eligible to receive progressively increased "statutory good time credits" during their first six years of incarceration until they reached an annual maximum of six months of good time credit (exclusive of credit for participation in work programs) in the sixth year of their prison term. For example, a prisoner could earn one month of statutory good time during the first year of his sentence, two months during his second year, and so on, to the extent that his conduct merited the award of good time credit. During the sixth year and each subsequent year of imprisonment an inmate would be eligible for a maximum of six months statutory good time credit annually. Similarly, this formula of good time calculation pro-

---

[1] The defendant Franzen is the Director of the Department of Corrections and the defendant

Groves is the Chief Record Officer of the Department.

vided that prisoners who performed work assignments would be eligible for "compensatory good time credit" at a rate of 7 and ½ days per month in addition to their statutory good time credit. *See* A.R. 813, 866, Regulations of the Illinois Department of Corrections; *Partee v. Lane,* 528 F.Supp. 1254, 1258 n. 3 (N.D.Ill.1981).

Effective February 1, 1978, the Illinois General Assembly amended the Unified Code of Corrections to replace the indeterminate sentencing plan with a fixed or determinate standard of sentences and amended ch. 38, § 1003–6–3 to provide for good time credit on a day-for-day basis:

"(a)(1) The Department of Corrections shall prescribe rules and regulations for the early release on account of good conduct of persons committed to the Department which shall be subject to review by the Prisoner Review Board.

(2) Such rules and regulations shall provide that the prisoner shall receive one day of good conduct credit for each day of service in prison for all classes of felonies other than where a sentence of 'natural life' has been imposed. Each day of good conduct credit shall reduce by one day the inmate's period of incarceration set by the court."

Ill.Rev.Stat. ch. 38, § 1003–6–3(a)(1), (2) (1978).

During the period of February 1, 1978 to November 29, 1979, the Department of Corrections continued to apply the previous "statutory and compensatory good time credit" rule to all inmates convicted prior to February 1, 1978 serving indeterminate sentences, but applied the newly adopted day-for-day formula only to those prisoners sentenced after February 1, 1978 to determinate terms. The Illinois Supreme Court rejected this practice in *Johnson v. Franzen,* 77 Ill.2d 513, 34 Ill.Dec. 153, 157, 397 N.E.2d 825, 829 (1979), holding:

"From February 1, 1978, forward, plaintiff is entitled to one day of good-conduct credit for each day served to the extent his prison conduct merits the award of

credits. The credits are to be applied to the minimum and maximum terms. For time served prior to February 1, 1978, plaintiff is entitled to the statutory and compensatory good-time credits to which he was entitled under the old good-conduct-credit system."

After the *Johnson* decision, the Department of Corrections adopted a policy of giving eligible inmates, whether convicted before or after February 1, 1978, good time credit on a day-for-day basis for time served after February 1, 1978. However, for some prisoners, application of the new day-for-day formula resulted in longer periods of incarceration than if the Department had continued to apply the old statutory and compensatory good conduct credit formula. Under the pre-1978 statutory criterion, an inmate could earn a maximum of six months statutory good time credit during his sixth year of imprisonment and a maximum of six months during every year of imprisonment thereafter. Therefore, under the pre-1978 system, an inmate could earn *in effect* "day-for-day" statutory good time credit during that part of his sentence which exceeded five years, *plus* compensatory good time credit at a rate of 7 and ½ days per month for participation in work programs. The post-1978 rule, on the other hand, allowed for only day-for-day credit but no time credit provision for participation in work programs. *See Partee v. Lane,* 528 F.Supp. 1254, 1258 n. 3 (N.D.Ill.1981). Thus, for some prisoners convicted and sentenced prior to 1978, continued computation of good conduct credit under the old statutory and compensatory law was more beneficial as it resulted in earlier parole eligibility and a shorter term of incarceration than application of the new day-for-day formula. In order to permit a prisoner to participate in the more beneficial of the two separate good time credit plans, the Department of Corrections continued to apply the statutory and compensatory formula to reduce the prison terms of inmates for whom the statutory and compensatory formula was more favorable than the day-for-day plan.[2]

2. Constitutional problems could arise if the Department were to credit the plaintiff for good

time after February 1, 1978 solely on the day-

The plaintiff Barksdale is an inmate for whom continued application of the statutory and compensatory good time credit plan is more beneficial than application of the day-for-day formula. In an affidavit submitted to the district court, Michael Krolikiewicz, Records Supervisor of the Stateville Prison, recited:

"As of the end of July, 1980, under the compensatory good time system, the expiration of Mr. Barksdale's minimum is October, 1981. Assuming he received all his compensatory time, he will be eligible to see the Prisoner Review Board in May, 1981.

Under the day-for-day good conduct system, he would receive a fixed projected out date making him eligible to see the Prisoner Review Board in March, 1982. It will be to Resident Barksdale's benefit to remain under the statutory and compensatory credit system."[3]

In this lawsuit, Barksdale challenges the Department's policy of computing his good time credit solely on the compensatory and statutory credit plan. Barksdale argues that he is entitled to the benefit of application of *both* the day-for-day formula *and* the compensatory and statutory good time credit plan at the same time. The district court rejected this argument and found that under Ill.Rev.Stat. ch. 38 § 1003–6–3, inmates convicted and sentenced prior to February 1, 1978 may be eligible to have their sentences reduced pursuant to either the day-for-day basis or the statutory and compensatory plan, but not both time credit formulas.

*Johnson v. Franzen,* 77 Ill.2d 513, 34 Ill. Dec. 153, 397 N.E.2d 825 (1979) is the leading case dealing with the Illinois method of granting time credit to inmates for good conduct while in prison. In *Johnson,* an inmate sentenced in 1977 to an indeterminate sentence of 8 years to 8 years and one day challenged the Department of Corrections' policy of continuing to compute his good conduct credit on the statutory and compensatory basis, rather than on the then newly adopted day-for-day basis. In *Johnson,* reduction of the plaintiff's prison term under the day-for-day formula resulted in a shorter prison term than application of the statutory and compensatory plan. 34 Ill. Dec. at 153, 397 N.E.2d at 825. The plaintiff argued that he was entitled to day-for-day good conduct credit, rather than the less beneficial statutory and compensatory good time credit formula, for time served after the effective date of the day-for-day provision (i.e. February 1, 1978). The Illinois Supreme Court agreed, holding:

"From February 1, 1978, forward, plaintiff is entitled to one day of good-conduct credit for each day served to the extent his prison conduct merits the award of credits. The credits are to be applied to the minimum and maximum terms. For time served prior to February 1, 1978, plaintiff is entitled to the statutory and compensatory good-time credits to which he was entitled under the old good-conduct-credit system."

34 Ill.Dec. at 157, 397 N.E.2d at 829.

Implicit in the *Johnson* holding is a recognition that the statutory and compensatory method and the day-for-day formula are two entirely separate and distinct time com-

for-day formula, thereby resulting in a longer period of confinement than if the statutory and compensatory plan were applied. *See Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) in which the Court held that application of a newly-enacted Florida "gain time for good conduct" statute to a prisoner whose crime was committed before the statute's enactment, resulting in a longer term of imprisonment than under the previous formula, violated the Constitution's *ex post facto* prohibition.

3. Ill.Rev.Stat. ch. 38 § 1003–3–3 (1973), in effect when Barksdale was convicted and sentenced in 1973, provided:

"Parole Eligibility. (a) Every person serving a term of imprisonment for a felony under Article 8 of Chapter V shall be eligible for parole when he has served:
(1) the minimum term of an indeterminate sentence less time credit for good behavior, or 20 years less time credit for good behavior, whichever is less;"

Thus, Barksdale became eligible for parole after serving a prison term of twenty years less earned good time credit.

putation methods, and that inmates are not eligible to have their prison terms reduced under both formulas at the same time. The Illinois Supreme Court in *Johnson* made it clear that the plaintiff was entitled to the benefit of *only* the compensatory and statutory plan for time served prior to February 1, 1978 and *only* the day-for-day formula for time served after February 1, 1978. A fair reading of *Johnson* fails to suggest that the Illinois legislature intended to grant a windfall of double good time credit to inmates convicted and sentenced prior to 1978 by reducing their terms under both methods of good conduct credit computation at the same time.

In *Williams v. Irving,* 98 Ill.App.3d 323, 53 Ill.Dec. 746, 424 N.E.2d 381 (1981) the Illinois Appellate Court construed the *Johnson* holding in a context similar to the instant case. The plaintiffs in *Williams* were a group of prisoners for whom continued application of the statutory and compensatory good time credit formula was more beneficial than application of the new day-for-day formula. Accordingly, the Illinois Department of Corrections continued to grant the plaintiffs good time credit under the statutory and compensatory plan, rather than the day-for-day formula.[4] The Illinois Appellate Court upheld this method of good time credit computation, and held that the plaintiffs were entitled to (1) continued application of the statutory and compensatory formula for time served after February 1, 1978, and (2) a *pro rata* share of statutory good time credit based upon actual time served prior to February 1, 1978. With regard to the Department's policy of continuing to apply the old statutory and compensatory criterion to the terms of inmates convicted and sentenced prior to 1978 in situations where those inmates would benefit less under the new day-for-day formula (i.e. the same policy as Barksdale challenges in this case), the Court held:

"There was no error in the procedure established by the Department to implement *Johnson v. Franzen* and . . . that policy is clearly and conclusively shown and comports with the inherent nature of good-time awards."

53 Ill.Dec. at 751, 424 N.E.2d at 386.

The common thread running through the *Johnson* and *Williams* decisions is a recognition that the Illinois legislature intended the day-for-day formula and the statutory and compensatory method of good time credit computation to be two separate and distinct plans of good time credit computation and that under Ill.Rev.Stat. ch. 38 § 1003–6–3 inmates are not eligible to have their prison terms reduced under both formulas. Moreover, adoption of the plaintiff Barksdale's position (i.e. that he is entitled to credit under both the day-for-day formula and the statutory and compensatory plan) would result in an anomalous method of good time credit computation, under which those convicted prior to February 1, 1978 would be eligible for good time credit on *both* a day-for-day and a statutory and compensatory basis, while those convicted after February 1, 1978 could benefit only from application of the day-for-day formula. There is no evidence in the record that the Illinois legislature, in adopting the day-for-day formula, intended to grant preferential treatment to inmates convicted and sentenced to indeterminate sentences prior to February 1, 1978. We agree with the district court that to adopt the double good time credit theory urged by the plaintiff would defeat the obvious intent of the Illinois legislature in enacting Ill.Rev.Stat. ch. 38 § 1003–6–3 and we therefore decline to interpret the Illinois good time credit plan in a manner resulting in a double good time credit windfall to inmates sentenced to indeterminate terms prior to February 1, 1978.

---

**4.** The plaintiffs in *Williams* challenged this policy on different grounds than those presented by the plaintiff in this case. In *Williams,* the plaintiffs asserted that the *Johnson* decision required the Department to credit them with both day-for-day good conduct credit for time

served after February 1, 1978 and the full amount of statutory good time applicable to their full sentence, regardless of the time that they had actually served prior to February 1, 1978.

We hold that the plaintiff Barksdale is entitled to the benefit of the more favorable statutory and compensatory good time credit formula for time served after February 1, 1978, to the extent his prison conduct merits the award of credit; but that he is not entitled to have his prison term reduced under both the day-for-day formula and statutory and compensatory plan at the same time. Since we find that the Department of Corrections' method of computing the plaintiff's good time credit fully comports with Illinois law, we need not decide whether the plaintiff would have a valid constitutional claim under 42 U.S.C. § 1983 were he able to prove such a violation of Illinois law. Accordingly, the order of the district court entering summary judgment in favor of the defendants is AFFIRMED.