No. 2--02--1088

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

GARY McGEE and CHRISTOPHER ) Appeal from the Circuit Court

RICKARD, ) of Lee County.

)

Plaintiffs-Appellants, )

) 

v. ) No. 99--MR--45

)

DONALD SNYDER, LILA KOCHES, ) 

and JAMES UTLEY,           ) Honorable

                                )                              ) Tomas M. Magdich,

Defendants-Appellees. ) Judge, Presiding.

_________________________________________________________________

JUSTICE CALLUM delivered the opinion of the court:

On June 28, 1999, plaintiffs, Gary McGee and Christopher Rickard, filed a claim pursuant to section 1983 of the Civil Rights Act (42 U.S.C. §1983 (1994)) against defendants, Donald Snyder, Director of the Illinois Department of Corrections (DOC), Lila Koches, chief record officer of the DOC, and James Utley, record office supervisor for Dixon Correctional Center.  Plaintiffs alleged that defendants denied them certain good-conduct credits when recalculating their prison sentences
, resulting in longer sentences contrary to the constitutional prohibitions against 
ex post facto
 laws.  See U.S. Const., art. I, §9; Ill. Const. 1970, art. I, §
16.  The trial court granted defendants' motion to dismiss the case.  This court affirmed the decision to the extent that it denied plaintiffs monetary damages and reversed insofar as it precluded equitable relief.  See 
McGee v. Snyder
, 326 Ill. App. 3d 343 (2001).  We remanded the case, directing the trial court to apply the most beneficial good-conduct system for which plaintiffs were eligible.  
The trial court applied the day-for-day system, and plaintiffs appeal.  We affirm.  

McGee committed several felony
 offenses on September 28, 1977, and
 was arrested on October 30, 1977
.  McGee was convicted on February 1, 1978, and sentenced on March 7, 1978.  Rickard committed an offense on January 31, 1978
, and was arrested on February 7, 1978.  Rickard was 
convicted on March 12, 1980,
 and sentenced on April 14, 1980.
  

Plaintiffs had a choice between indeterminate and determinate sentences
 because they had committed their crimes before t
he February 1, 1978, effective date of the determinate sentencing law, but they had not been sentenced by that date.  Ill. Rev. Stat. 1979, ch. 38, par. 1008--2--4(b).  A defendant with an indeterminate sentence received a minimum term marking the defendant's eligibility for parole and a maximum term after which the defendant would be released if not already paroled.  
Johnson v. Franzen
, 77 Ill. 2d 513
, 516 (1979).  
Both plaintiffs chose indeterminate sentences.  McGee received concurrent indeterminate sentences, the longest of which was 40 to 60 years' imprisonment.
  Rickard's sentence was ultimately reduced to 40 to 80 years' imprisonment.  

At issue in this case is which of three systems of good-conduct 
credits apply to plaintiffs.  
Prior to June 1, 1977, the "pre-1978" system of credits was in effect.  
McGee
, 326 Ill. App. 3d at 346
.  This system awarded statutory good-conduct credits (SGCs) at a progressive rate, beginning with one month for the first year, two months for the second year, and continuing until the maximum yearly credit of six months was reached in the sixth year.
  
McGee
, 326 Ill. App. 3d at 346
.  A prisoner could also receive compensatory good-conduct credits (CGCs) for performing work assignments or participating in DOC programs.  Ill. Rev. Stat. 1977, ch. 38, par. 1003--12--5.  CGCs were awarded at a rate of 7½ days each month for the entire sentence, equaling three months per year.  
McGee
, 326 Ill. App. 3d at 346
.
 
 
Therefore, beginning in the sixth year, a prisoner could earn up to nine months of good-conduct credits per year. 

An "intermediate" system of good-conduct credits existed from June 1, 1977, to February 1, 1978. 
 See 20 Ill. Adm. Code §107.120(b) (2000). 
 Under the intermediate system, a prisoner would earn SGCs at a rate of three months per year, and CGCs could be earned at the rate of 7½ days each month
 (three months per year).  
See 20 Ill. Adm. Code §
§107.120(b)
, (c) (2000).  Thus, the maximum amount of good-conduct credits a prisoner could earn each year decreased to six months. 

The "day-for-day" system began on February 1, 1978. 
 Ill. Rev. Stat. 1979, ch. 38, par. 1003--6--3(a)(2).  
Whereas the DOC had previously been delegated the authority to create systems of good-conduct credits through regulations, the day-for-day system was statutorily imposed.  See 
Ill. Rev. Stat. 1979, ch. 38, par. 1003--6--3(a)(2)
; Ill. Rev. Stat. 1977, ch. 38, par. 1003--6--3
.
  Under the day-for-day system, a prisoner would earn one day of good- conduct credit for each day served in prison, thereby receiving six months of good-conduct credits each year.  
Ill. Rev. Stat. 1979, ch. 38, par. 1003--6--3(a)(2).   

After the day-for-day system went into effect, the DOC applied that system to inmates sentenced after the effective date, but continued to use the pre-1978 system for previously incarcerated inmates serving indeterminate sentences.  
Johnson
, 77 Ill. 2d at 
517
.  T
he supreme court held that these previously incarcerated prisoners were eligible for day-for-day credits for time served after the effective date of the new system.  
Johnson
, 77 Ill. 2d
 at 522.  The DOC then implemented procedures for these inmates in which it used the pre-1978 system to calculate good-conduct credits for time served prior to February 1, 1978, and either the pre-1978 system or the day-for-day system for time served after February 1, 1978, depending on which system was more favorable to the prisoner.  
Williams v. Irving
, 98 Ill. App. 3d 323, 325-26 (1981).

In the initial appeal of this case, the parties argued only whether the pre-1978 system or the day-for-day system was of greater benefit to plaintiffs.  We held that plaintiffs were entitled to have their sentences recalculated according to the pre-1978 system if it was more advantageous for them
.  Defendants then filed a petition for rehearing asserting that the intermediate system applied to plaintiffs.  Per this court's instructions in a supplemental opinion upon denial of rehearing, the trial court was to first decide whether the pre-1978 or the intermediate system applied to plaintiffs.  The trial court was to then compare the applicable system to the day-for-day system and determine which system was more beneficial to plaintiffs.  The trial court was to provide plaintiffs an appropriate equitable remedy if it concluded that the applicable earlier system was more favorable than the day-for-day system, since the DOC was already using the latter system to calculate good-conduct credits.  

At trial, Koches testified 
that McGee first became eligible for parole on October 31, 1986.  She said that the parole board had not yet granted McGee parole, but he would continue to appear before the board until he reached his maximum out date.  Koches testified that Rickard had similarly reached his minimum date and was eligible for parole.
  Koches also testified regarding plaintiffs' maximum release dates under the three good-conduct systems.  Her calculations included various credits that plaintiffs had earned.  Koches testified that McGee would have a maximum release date of November 18, 2001,
 under the pre-1978 system, August 18, 2015
, under the
 intermediate system
, and August 11, 2006
, under the day-for-day system.  Koches testified that Rickard would have a maximum release date of
 July 22, 2012
, under the pre-1978 system
, April 22, 2031
, under the intermediate system, and April 27, 2017
, under the day-for-day system.  Koches further testified that the intermediate system would apply to plaintiffs, even though they had not been sentenced before February 1, 1978
, because they were in custody before that date and would be entitled to pretrial custody credits.

The trial court determined that the intermediate system originally applied to plaintiffs, but that the day-for-day system was more beneficial.  Therefore, the trial court concluded that plaintiffs were not entitled to any further relief.  
In making its determination, the trial court adopted Koches's calculations and found that McGee had a maximum release date of August 18, 2015
, under the intermediate system and August 11, 2006
,
 under the day-for-day system.  It found that Rickard had a maximum release date of April 22, 2031
, under the intermediate system, and February 7, 2018
, under the day-for-day system (the latter figure does not incorporate 280 days of additional credits that Koches included in her calculation)
.  Plaintiffs argue that the pre-1978 system of good-conduct credits applied to them and would result in significantly shorter prison sentences.  Because this matter requires the application of law to undisputed facts, we review the trial court's decision 
de novo
.  
Vicencio
 v. Lincoln-Way Builders, Inc.
, 204 Ill. 2d 295, 299 (2003).

  
 
The pre-1978 system of good-conduct credits is reflected in the current Illinois Administrative Code.  The relevant section states:

"Statutory good time on indeterminate sentences, with reference to the minimum and maximum sentences, shall be calculated in accordance with the following table for all persons 
sentenced prior to June 1, 1977
, if the schedule contained in the table would be more beneficial than awarding day for day good conduct credits as of February 1, 1978."  (Emphasis added.) 20 Ill. Adm. Code §107.120(a) (2000).

Neither plaintiff was sentenced prior to June 1, 1977, or had even committed his crime before that date, so the trial court was correct in concluding that plaintiffs were not eligible for the pre-1978 system of good-conduct credits.

The intermediate system is also described in the current Illinois Administrative Code.  The relevant section states:

"Statutory good time on indeterminate sentences, with reference to the minimum and maximum sentences, shall be calculated in accordance with the following table for all persons 
sentenced
 to the Department of Corrections 
on or after June 1, 1977, but prior to February 1, 1978, for establishing the time credit for that portion of the sentence which was served prior to February 1, 1978
."  (Emphasis added.)  20 Ill. Adm. Code §107.120(b) (2000).

The regulation goes on to state that, for individuals with sentences subject to the above paragraph, "the remaining portion of the sentence served on or after February 1, 1978, shall be credited with day for day good conduct credits."
  
20 Ill. Adm. Code §107.120(b)(1) (2000).

The intermediate system was in effect when plaintiffs committed their crimes.  
See __ Ill. Reg. 813 (eff. June 1, 1977)
.  Plaintiffs point out that they were both sentenced after February 1, 1978, which would initially seem to exclude them from the reach of this regulation.  However, Koches testified that the intermediate system would apply to plaintiffs because they were in custody before February 1, 1978, and would be entitled to pretrial custody credits. 
 Notwithstanding this explanation, Koches apparently applied the intermediate system to plaintiffs' entire sentences, rather than just to the time served in pretrial custody,
 in calculating their maximum release dates under this system.  Such a calculation may be appropriate, as plaintiffs could assert that their entire sentences should be calculated under the intermediate system because the day-for-day system was not yet in effect when they committed their crimes.  See 
Weaver v. Graham
, 450 U.S. 24, 67 L. Ed. 2d 17, 101 S. Ct. 960 (1981) (
statute reducing amount of good-time credit violated 
ex post facto
 clause as applied to prisoner who committed his crime before statute's effective date
).  In any case, 
plaintiffs do not dispute the conclusion that, when faced with a choice between only the intermediate and day-for-day systems, the day-for-day system is more beneficial for them.

Plaintiffs maintain that the policy statement in DOC Administrative Directive 01.07.452A-J, effective February 1, 1997, should direct this court's decision.  It states, "Indeterminate Sentences entered on or after February 1, 1978, shall be calculated in accordance with the procedures established in this directive, provided day for day good conduct credit is more advantageous than statutory and compensatory good time."  As discussed, the intermediate system also includes statutory and compensatory good time, so this directive does not conflict with its application.  Furthermore, the directive goes on to state in its general provisions, "Indeterminate Sentences entered on or after February 1, 1978, for offenses committed on or after June 1, 1977, shall be recalculated and good conduct credits (one day for one day served) shall be applied to the imposed Indeterminate Sentence from the date of custody."
  As such, the directive gives plaintiffs the option to have day-for-day credits applied beginning from their dates of custody, but it does not allow them to access the pre-1978 system of good-conduct credits.

Finally, plaintiffs contend that the DOC exceeded its authority in implementing section 107.120 
(20 Ill. Adm. Code §107.120(b)(1) (2000))
 because the creation of the intermediate system conflicts with plaintiffs' statutory right to choose between indeterminate and determinate sentences.  See Ill. Rev. Stat. 1979, ch. 38, par. 1008--2--4(b).  
Plaintiffs believe that their 
choice of indeterminate sentences included the pre-1978 system of good-conduct credits. 
 However, plaintiffs cite no relevant authority for this theory, and our research has not revealed any support.

For the foregoing reasons, the judgment of the circuit court of Lee County is affirmed.

Affirmed.

KAPALA and GILLERAN JOHNSON, JJ., concur.