**UNITED STATES of America ex rel. Rabb Ra CHAKA, Petitioner,**

v.

**Michael LANE, Respondent.**

No. 88 C 2948.

United States District Court, N.D. Illinois, E.D.

June 6, 1988.

Rabb Ra Chaka, pro se.

Neil F. Hartigan, Atty. Gen. by Gary H. Schwartz, Asst. Atty. Gen., State of Ill., Chicago, Ill., for respondent.

## ORDER

BUA, District Judge.

Before this court is petitioner's petition for a writ of habeas corpus. For the rea-

sons stated herein, petitioner's petition for habeas corpus is denied.

## I. FACTS

In 1976, petitioner was convicted of armed robbery and sentenced to an indeterminate prison sentence of 20 to 60 years. Petitioner was sentenced under an Illinois parole statute which allowed an inmate's period of incarceration to be diminished through the accumulation of good time. The statute provided for three basic types of good time. The first type, classified as "statutory good time," provided an inmate with one day off for each day of good behavior. Ill.Rev.Stat. ch. 38 ¶ 1003–6–3(a)(2) (Smith–Hurd 1982). The second kind, known as "meritorious service credit," allowed an inmate to earn "up to 90 days of additional good conduct time for meritorious service in specific instances as the Director [of the Department of Corrections] deems proper." Ill.Rev.Stat. ch. 38 ¶ 1003–6–3(a)(3) (Smith–Hurd 1982) (P.A. 80–1099) *amending* Ill.Rev.Stat. ch. 38 ¶ 1003–6–3(a) (1973) (P.A. 77–2097). The third type, denoted as "compensatory good time," allowed time off as a form of payment for work done by an inmate. *See* Ill.Rev.Stat. ch. 38 ¶ 1003–12–5 (1973) (P.A. 77–2097) *amended by* Ill.Rev.Stat. ch. 38 ¶ 1003–12–5 (Smith–Hurd 1982) (P.A. 80–1099).

In 1977 and again in 1984, the Illinois General Assembly modified certain provisions of the parole statute. The first relevant 1977 amendment deleted provisions dealing with compensatory good time making monetary wages the only form of compensation for work performed by an inmate. Ill.Rev.Stat. ch. 38 ¶ 1003–12–5 (Smith–Hurd 1982) (P.A. 80–1099) *amending* Ill.Rev.Stat. ch. 38 ¶ 1003–12–5 (1973) (P.A. 77–2097). The second pertinent amendment in 1977 added the condition that up to 90 days of credit may be awarded for meritorious service in specific instances as deemed proper by the Director of the Department of Corrections. *See* Ill. Rev.Stat. ch. ¶ 1003–6–3(a) (Smith–Hurd 1982) (P.A. 80–1099) *amending* Ill.Rev. Stat. ch. 38 ¶ 1003–6–3(a) (1973) (P.A. 77–2097). Prior to the addition of this provi-

sion, ¶ 1003–6–3(a) contained no language limiting the number of days which the Director was authorized to award for meritorious service. In 1983, the Illinois Supreme Court interpreted the 1977 amendment to limit the Department of Corrections from granting more than 90 days of meritorious service credit to any inmate during a given term of incarceration. *Lane v. Sklodowski*, 97 Ill.2d 311, 73 Ill.Dec. 462, 466, 454 N.E.2d 322, 326 (1983). Prior to the *Sklodowski* ruling, the Department of Corrections interpreted the language of ¶ 1003–6–3(a)(3) to allow separate awards of up to 90 days of credit for each specific instance of meritorious service. *Id.*, 73 Ill. Dec. at 464, 454 N.E.2d at 324. Although rejecting the Department's former interpretation of ¶ 1003–6–3(a)(3), the court made clear that all meritorious service credits awarded prior of the effective date of its decision would be honored. *Id.*, 73 Ill.Dec. at 466, 454 N.E.2d at 326.

In 1984, the General Assembly amended parole review board requirements for inmates sentenced to a minimum of twenty years. Prior to the 1984 amendment, parole decisions for all inmates were made by a panel of at least three members of the Parole Review Board ("PRB"). *See* Ill. Rev.Stat. ch. 38 ¶ 1003–3–2 (1978) (P.A. 80–1099). The amendment now requires that inmates receiving minimum sentences of twenty years or more must receive a favorable vote of the entire PRB after appearing before the three-member panel. Ill.Rev. Stat. ch. 38 ¶ 1003–3–2 (1984) (P.A. 83–1433) *amending* Ill.Rev.Stat. ch. 38 ¶ 1003–3–2 (1978) (P.A. 80–1099). Thus, the effect of the 1984 amendment requires that inmates sentenced to a minimum of twenty years must undergo a dual review process before being granted parole.

## II. DISCUSSION

### A. *Ex Post Facto*

■ Petitioner asserts that changes in the computation of good time and the addition of a dual hearing requirement for parole violate the ex post facto prohibition of the United States Constitution. U.S.

Const. Art. 1, § 9, cl. 3. Petitioner first argues that the 1977 amendment to ¶ 1003–6–3(a) as interpreted by the *Sklodowski* decision, denies him the opportunity to earn additional meritorious service credit pursuant to the parole statute in effect at the time he was originally sentenced. Because the 1977 amendment deprives petitioner of this opportunity, petitioner contends the date on which he will become parole eligible will be delayed and the maximum period during which he may be incarcerated under his sentence will be extended. Accordingly, petitioner argues that the 1977 amendment to ¶ 1003–6–3(a), as applied, runs afoul of the ex post facto prohibition.

The ex post facto clause is applicable to situations where a new statute is given retrospective effect in a manner which is prejudicial to an offender. To establish an ex post facto violation, one must show the following: (1) a new law is being applied to him; (2) the new law is being applied retroactively; and (3) the application of the new law harms the individual in some way. *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981).

The defect in petitioner's argument centers on the third requirement. Both the previous and present versions of ¶ 1003–6–3(a) specify that awards of meritorious service credit are made entirely at the discretion of the Director of the Department of Corrections. Unlike the provisions concerning statutory good time, an inmate's good conduct or exemplary works did not entitle him to meritorious service credit. Petitioner never entered the prison system with a legitimate expectation that his actions would make him eligible to earn these credits or that the Director would ever award such credits. Because petition-

er is unable to establish that he is entitled to additional meritorious service credit even if he behaves in a manner befitting an award and *Sklodowski* requires all such credit in excess of 90 days awarded prior to the court's decision to be honored, petitioner is unable to prove that the 1977 amendment of ¶ 1003–6–3(a) has harmed him in any way. As such, petitioner cannot demonstrate that the change in ¶ 1003–6–3(a) violates ex post facto principles.

Petitioner's second argument focuses on the 1977 amendment to ¶ 1003–12–5 which abolished the practice of rewarding inmates for work in the form of "compensatory good time." Petitioner asserts that the new amendment as applied to him effectively increases the minimum and maximum periods of incarceration he may be required to serve when compared to minimum and maximum periods derived under the version of ¶ 1003–12–5 existing when he was sentenced. Because retrospective application of the 1977 amendment will lengthen petitioner's incarceration, petitioner asserts an ex post facto violation is established.

Although the 1977 amendment, if applied to petitioner, might pose constitutional concerns,[1] the facts in this case reveal that the Department of Corrections is computing petitioner's parole eligibility and effective release date on the basis of the old version of ¶ 1003–12–5. A letter from the Department of Corrections confirms that petitioner's sentence is being calculated on the basis of the law in effect prior to 1977 and petitioner is receiving seven and one-half days of compensatory good time for each month he works. Assuming that petitioner continues to earn compensatory good time at this rate, his projected release date is April 23, 2004. Computed under the

---

1. Addressing a similar claim in *Barksdale v. Franzen*, 700 F.2d 1138, 1140–41, fn.2 (7th Cir. 1983), the Seventh Circuit noted that "[c]onstitutional problems could arise if the Department [of Corrections] were to credit the plaintiff for good time after February 1, 1978 solely on the [new] day-for-day formula, thereby resulting in a longer period of confinement than if the [old] statutory and compensatory plan were applied." Because of this potential problem, the Department of Corrections maintains two separate

methods of computing time. *Id.* at 1141–42. For inmates sentenced under the old law, the Department computes sentences and parole eligibility dates under both methods and allows inmates the more beneficial of the two calculations. *Id.* at 1140. The record in this case reflects that the Department of Corrections has computed petitioner's parole eligibility and maximum sentence in a manner consistent with that described in *Barksdale.*

present version of ¶ 1003–12–5, petitioner's projected release date is August 9, 2005. Because petitioner is unable to establish that the 1977 amendment is even being applied to him, his ex post facto argument is frivolous.

■ Petitioner's final argument relates to the 1984 amendment to ¶ 1003–3–2 which requires a dual hearing procedure for inmates seeking parole who are serving minimum sentences of twenty years or more. Petitioner asserts that the 1984 amendment as applied to him is defective in two ways. First, petitioner asserts that the requirement of a second parole hearing before the entire PRB violates the ex post facto prohibition because ¶ 1003–3–2 did not require such an en banc hearing when he was sentenced. Second, petitioner contends that because the 1984 amendment requires a majority vote of both the panel and the entire PRB, the new law impermissibly raises the number of votes needed to obtain parole. In support of this argument, petitioner cites the Delaware case of *United States ex rel. Steigler v. Board of Parole,* 501 F.Supp. 1077 (D.Del.1980), in which the court found an amended Delaware statute which raised the vote requirement for a grant of parole from a simple majority to four fifths of the voting members violated the ex post facto clause. Petitioner avers that an application of *Steigler* to the present case compels a similar result. Petitioner's arguments will be addressed in turn.

The argument that the dual hearing requirement of the 1984 amendment offends the ex post facto clause was expressly addressed and rejected by this court in *Davis–El v. O'Leary,* 626 F.Supp. 1037 (N.D.Ill.1986). In *Davis–El,* the petitioner asserted that he was unlawfully subjected to a double hearing which was not the law at the time he was sentenced. Addressing Davis–El's argument, this court observed as follows:

> Prior to the new law, the Prisoner Review Board possessed the power to review a prisoner's request for parole before the entire Board. The legislature allowed the Board, in its discretion, to conduct parole hearings before "at least three members." Ill.Rev.Stat. ch. 38 ¶ 1003–3–2. In addition, since 1981, the Board established a practice of hearing some cases en banc. In light of the prior law and the Board's prior policy, the Court concludes that the new en banc requirement for certain cases merely codifies prior law, is not disadvantageous to prisoners sentenced prior to its enactment, and therefore does not violate the ex post facto prohibition of the Constitution.

*Id.* at 1041.

*Davis–El* makes clear that petitioner is not prejudiced by the new version of ¶ 1003–3–2 because the PRB always possessed the discretion to order an en banc hearing. Since petitioner never possessed a right to just one hearing before a three-member panel before receiving a grant of parole, petitioner's ex post facto argument is without merit.

Petitioner's second attack on the 1984 amendment relating to an increase in the number of votes required for a grant of parole has also been rejected in this district. *Jackson v. Illinois Prisoner Review Bd.,* 631 F.Supp. 150, 152–53 (N.D.Ill.1986); *see also Davis–El,* 626 F.Supp. at 1041. In *Jackson,* a prisoner sentenced under the old law asserted that new en banc hearing requirement made parole more difficult to obtain because the amendment essentially increased the number of required affirmative votes. *Id.* Contending that the amendment added a factor which did not exist at the time he was sentenced and that the amendment diminished his chances of obtaining parole, the prisoner argued ex post facto principles were violated.

Rejecting the prisoner's argument, the *Jackson* court noted that at all relevant times the statute in question empowered the PRB at its discretion to raise the number of members on the panel. *Id.* at 152. Since the old statute merely required a panel of "at least three" PRB members, the PRB was always free to add members to the reviewing panel. Similar to *Davis–El,* the *Jackson* court concluded that because the PRB always had the authority to

raise the number of voting members and thus the number of votes required to achieve a majority, the new amendment merely codified existing law and presented no ex post facto problem. *Jackson*, 631 F.Supp. at 153.

Petitioner attempts to avoid the effect of *Jackson* by relying on the Delaware case of *United States ex rel. Steigler v. Board of Parole*, 501 F.Supp. 1077 (D.Del.1980). *Steigler*, however, is not the law in Illinois. Moreover, *Steigler* is easily distinguished on the basis that the old Delaware statute did not contain the discretionary "at least" language entitling the PRB to raise the number of votes at any time. *See id.* As petitioner is unable to establish that he possessed a justifiable expectation of a three-member panel hearing when he was sentenced, petitioner cannot establish that the 1984 amendment to ¶ 1003–3–2 has or will harm him. Accordingly, petitioner's ex post facto argument concerning the number of required votes must fail.

### B. *Due Process*

█ Petitioner also appears to suggest that the 1977 and 1984 amendments deprived him of due process under the Fifth and Fourteenth Amendments. This challenge is apparently based on the proposition that petitioner maintained reasonable expectation that he would be entitled to receive meritorious service credit and compensatory good time during the tenure of his incarceration and that his parole would be determined by a three-member panel. *See Solomon v. Elsea*, 676 F.2d 282, 284 (7th Cir.1982). As earlier noted, petitioner's claim regarding compensatory good time is frivolous since the record demonstrates that he is still receiving such credit. Petitioner's due process claims relating to meritorious service credit and the dual hearing requirement for parole fail for the same reason as his ex post facto claims. According to law pre-existing the amendments, the PRB always had the authority to increase the number of members on the parole review panel, and the Director's decision to award meritorious service credit was always discretionary. As such, petitioner never possessed a legitimate expectation that he would be entitled to either a three-member panel or meritorious service credit in excess of that allowed by ¶ 1003–6–3(a)(3). Accordingly, petitioner's due process claims are without merit.

### III. CONCLUSION

For the foregoing reasons, petitioner's petition for a writ of habeas corpus is denied.

IT IS SO ORDERED.